### HENRY SAYLES v. BRADLEY & METCALF COMPANY.

#### No. 734. Decided January 30, 1899.

**1. Subpoena Duces Tecum—Outside County.**

A subpoena duces tecum can not issue in a civil case to require the production of a document, not filed in any suit, in the possession of a witness residing in another county. (Pp. 407, 408.)

**2. Depositions—Production of Original Papers.**

Our statutes in regard to depositions (Revised Statutes, articles 2282-2284) do not confer upon the officer taking them the power of compelling a witness to deliver or attach his private papers. (P. 408.)

**3. Secondary Evidence—Inability to Procure Original.**

Secondary evidence of a statement made to the Bradstreet Company and in possession of its agent in another county, who declined to attach it to his deposition, was admissible on the ground that the party offering the deposition showed a practical inability to produce the original. (Pp. 407, 408.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Coke County.

*Potter & Potter*, for appellant.

*Culp & Giddings*, for appellee.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals have certified to this court the following explanatory statement and questions:

"S. Lapowski & Bro., a mercantile firm engaged in business in Gainesville and other places in Texas, made a deed of trust for the benefit of preferred creditors to Henry Sayles, accompanied with delivery of the goods covered by the deed of trust, including goods which had been sold said firm on a credit by the Bradley & Metcalf Co.

"This suit was brought by the last named company against S. Lapowski & Bro. and Henry Sayles, to recover the goods so sold S. Lapowski &

Bro., upon the ground that S. Lapowski & Bro. had obtained them through false and fraudulent representations made to the Bradstreet agency or company. In order to sustain this allegation, appellee took the deposition of W. C. Griffin, a resident of Dallas County and the superintendent for the Bradstreet Company at Dallas, Texas, who attached a copy of the statement made by S. Lapowski & Bro. to the Bradstreet Company upon the faith of which the goods in question had been sold. This copy of the statement was read in evidence over the objection that the original was the best evidence. To this ruling appellant assigns error.

"It does not distinctly appear from the record what effort appellee made to obtain the original. It is perhaps to be inferred from the statement of facts that in propounding the interrogatories to Griffin appellee requested him to attach the original statement, since his deposition contains the following: 'The original statements made by this firm (S. Lapowski & Bro.) to Bradstreet's are in my office. They comprise part of the permanent records of the same, and I am responsible to the company for their preservation. I can not attach same to these depositions, for the reason that I am not permitted to let them get out of my possession so long, as I am responsible for the records of this office.'

"This ruling, if erroneous, necessitates, we think, a reversal of the judgment, and we deem it advisable to certify to your honors for decision the question involved therein; that is to say, whether the appellee, upon the refusal of the superintendent of the Bradstreet agency to attach the original letter to his deposition, for the reasons given by him and quoted above, made a sufficient showing of its inability to produce the original letter to warrant the introduction of secondary evidence, to wit, a copy thereof?"

The letter was the best evidence of its contents. Appellee therefore should not have been allowed to introduce a copy without showing that he was *unable* to produce the original. Such inability might have been shown to be *absolute*, e. g., where the paper had been destroyed, or *practical*, e. g., where it had been lost and had not been found after diligent search, or where it had been traced to the possession of a person beyond the jurisdiction of the court and such person had refused to surrender it.

The paper being in existence, there could be no *absolute inability* to produce it. Did appellee show that it was *practically unable* to do so? We think so, because it showed that it was in the possession of a person who was beyond the jurisdiction of the court trying the case, and the officer taking the deposition had no power to compel him to deliver up the original, and he refused upon request to attach same to his depositions.

If the letter had been in another State it is well settled that it would have been beyond the jurisdiction *or power* of the trial court to compel its production, because its process of subpoena duces tecum can in no case run beyond its own State, and we think it equally so where, as here, the letter was shown to have been in another county, for in a civil case a subpoena is not authorized by our statute to be issued to any county

other than that in which the trial court sits, except perhaps in the case provided for in Revised Statutes, articles 2314 (2258). Our Revised Statutes, articles 2282-2284, provide for bringing the witness before the officer holding the commission to take his deposition and compelling him to "answer" the "interrogatories," and reducing the "answers" to writing and signing and swearing to same, but there is no attempt to confer upon such officer the delicate and dangerous power of compelling the witness to deliver or attach his private papers. A more comprehensive statute than ours has been held not to confer such power. Ex Parte Mallinkrodt, 20 Mo., 493. When a trial court compels a citizen by its subpoena duces tecum to bring his paper into court and the citizen there objects to delivering same, he has the valuable right to lay his objections before a tribunal learned in the law and supposed to be fully cognizant of and willing to protect his private affairs and rights from undue exposure or injury, and may finally discharge him without compelling the delivery of the paper, or may make such order for its temporary custody and return as the case may demand.

The officers taking depositions are not supposed to have any such knowledge or power, and therefore the Legislature has not seen fit to confer upon them the power to compel the production of papers. If it were thought necessary to the administration of justice to procure such papers it would seem wiser to permit the trial court upon a proper showing to issue its subpoena duces tecum to any county in the State.

We think the fact that witness refused on the grounds stated to attach the paper fairly shows that he would not deliver it to appellee. From what has been said we think it follows that appellee showed that it was *practically unable* to procure the original, and therefore the question certified will be answered that the showing was sufficient to authorize the introduction of secondary evidence.