statement of claim and affidavit when considered together were sufficient to support the judgment.

3. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment not vacated.* Where a defendant in an action in the Municipal Court of Chicago did not file an appearance until two days after judgment was entered and not within time required by rules of court and made no sufficient excuse for not filing an affidavit of defense, and took no action until thirty days after judgment was entered, no diligence is shown and a judgment by default will not be vacated however meritorious the defense may appear.

4. JUDGMENT, § 134*—*diligence must be used in vacating default judgment.* Both diligence and merit must be shown to have a judgment by default set aside, and a judgment will not be vacated where due diligence to protect rights was not exercised although the party may have a meritorious defense.

---

## W. A. Fowler Paper Company, Defendant in Error, v. Bert Jones Sales Book Company et al. Bert Jones, Plaintiff in Error.

### Gen. No. 18,189.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913. Rehearing denied December 8, 1913.

### Statement of the Case.

Action by W. A. Fowler Paper Company, a corporation, against Bert Jones Sales Book Company, a corporation, Bert Jones and David M. Nichol to recover on a promissory note. From a judgment for plaintiff for $238.20, Bert Jones brings error.

The affidavit of defense of Bert Jones was, in substance, that his indorsement of the note was for the accommodation of the Bert Jones Sales Book Company, and that no notice of nonpayment of the note was given him by defendant in error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number

Fowler Paper Co. v. Bert Jones S. B. Co., 183 Ill. App. 310.

ODE L. RANKIN, for plaintiff in error.

CHARLES F. McKINLEY, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 275*—*who may make presentment for payment.* The holder of a promissory note, or his authorized agent, is the proper person to make the presentment of such paper for payment.

2. BILLS AND NOTES, § 275*—*collecting bank may make presentment for payment.* A presentation for payment of a promissory note by a bank having it for collection is sufficient.

3. BILLS AND NOTES, § 363*—*when failure to deny is admission.* The general rule that every allegation of a declaration or complaint not denied by pleas or answers shall, for the purposes of the action, be taken as true is applicable to allegations of execution, indorsement and demand of payment of a promissory note.

4. BILLS AND NOTES, § 450*—*when evidence shows notice of non-payment.* In an action against the indorser of a promissory note the manager of the collecting bank testified that he wrote letters to each indorser notifying him of dishonor, that he gave the letters to a boy whose duty it was to copy them and take them to the mailing department, and the book copy was introduced. Another indorser testified that the letters were received and recited a conversation to that effect with defendant. Defendant denied the conversation, the receipt of the letter and other evidence. *Held,* a finding that notice of dishonor was given would be sustained.

5. EVIDENCE, § 134*—*what preliminary proof is sufficient to admit secondary evidence of note.* The evidence of the manager of a collecting bank that notices of dishonor of a promissory note should have been mailed to indorsers in due course of business, and of an indorser of receipt of the notice, is sufficient to admit secondary evidence of the contents of the notice against another indorser, when considered with the fact that his attorney when asked to produce the original notice stated in open court: "We are unable to produce it."

6. APPEAL AND ERROR, § 1489*—*admission of incompetent evidence otherwise established is harmless.* In an action on a promissory note, the admission of evidence as to mailing a notice of dishonor is harmless, though it may not, when considered alone, be sufficient to show mailing, where there is sufficient evidence in the entirety to show mailing and receipt of notice by the defendant.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.