### ROGERS v. RILEY.  (No. 1331.)

(Court of Civil Appeals of Texas. El Paso. April 20, 1922.)

**1. Pleading ⟐228—Petition stating facts sufficient to charge action for money paid held good as against exception made.**

Where a petition stated facts sufficient to sustain action for money paid, it was good as against an exception that "plaintiff sues upon a breach of contract and for fraud therefore not properly joined."

**2. Witnesses ⟐255(4)—Memory cannot be refreshed by memoranda of others.**

A witness may not refresh his memory by reference to memoranda not made by himself.

**3. Evidence ⟐177—Secondary evidence of records beyond jurisdiction, admissible.**

In an action to recover the price paid for an automobile which had been stolen and sold to plaintiff, and when recovered by the owner was identified by secret numbers, and the automobile with its numbers was traced from the factory as sold by jobbers to the owner, the deposition of the factory owner at Detroit stating that he took the numbers from the company's records was admissible; these records being beyond the jurisdiction of the court.

**4. Sales ⟐397—Evidence tending to show ownership of stolen automobile admissible.**

Where plaintiff sued for failure of title of car bought from defendant, evidence by deposition in another state of a witness for plaintiff that a fire insurance company had is-

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sued a policy covering the car, engine number, etc., and that he was furnished with various other numbers of component parts of this car by the manufacturer of the automobile identified by the lock number, was admissible as tending to prove ownership and identity.

**5. Appeal and error ⬅️1010(1)—Finding on competent evidence not reversed on appeal.**

Where there was sufficient competent evidence to authorize a judgment where a case was tried by the court, and no findings of fact and conclusions of law having been filed, a cause will not be reversed.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Henry Riley against W. H. Rogers. From a judgment for plaintiff, defendant appeals. Affirmed.

Marks & Flaherty, of Ranger, for appellant.

Firmin & McCoy, of Ranger, for appellee.

HARPER, C. J. Henry Riley sued W. H. Rogers to recover $3,250, alleging that he purchased from Rogers an automobile for said price, paid cash, took bill of sale; that the car was the property of one Benjamin of Kansas City, Mo.; that it was seized and taken from him by officers of the law, acting upon the owner's behalf, as stolen property; that defendant had no title nor authority to sell, wherefore he was wrongfully deprived of the said sum of money. The defendant answered by general demurrer, special exceptions, and general denial and specially denied that the car was stolen property or the property of Benjamin. Tried by the court without jury, and resulted in judgment for plaintiff for the amount sued for, from which an appeal.

[1] The first assignment is that the court erred in overruling defendant's exception to the petition, to the effect that "plaintiff sues upon a breach of contract and for fraud therefore not properly joined." In this there was no error, for the petition states the facts sufficiently in detail to charge a cause of action for the money paid.

[2] Witness Downs was permitted to testify over objections from a record to certain numbers of various parts of the car, which record was furnished by the agent of the insurance company. This is assigned as error. The rule is that witness may not refresh his memory by reference to memoranda not made by himself, but there seems to be no question in this case as to the several numbers upon the car from other testimony properly admitted.

[3] The evidence is uncontradicted that the car belonged to Benjamin, of Kansas City, was stolen from him, and brought into Texas. The engine number, 57–EE–215, had been filed off. When the car was located in the possession of the plaintiff, the pockets on the doors and tool box were locked. The explanation given by Rogers was that he purchased the car from a doctor, who had the keys and that he would get them later. When the car was returned to Kansas City Benjamin had these keys, unlocked the doors and tool box, and there found the secret numbers of the car. This car, with its numbers, was traced from the factory, as sold in Kansas City, and by the jobbers in said city sold to Benjamin. The appellant assigns error to the admission of the deposition of the employer of the factory in Detroit, Mich., who testified that he took the numbers from the company's record, upon the ground that this was secondary evidence. These records being beyond the jurisdiction of the court this evidence was admissible. Sayles v. Bradley et al., 92 Tex. 406, 49 S. W. 209.

[4] Witness Webb testified by deposition, Kansas City, Mo., that the National Fire Insurance Company issued a policy covering Cadillac car, 1919 model, for David Benjamin; that the engine number was 57–EE–215 and that he was furnished with various other numbers of component parts of this particular car by the Cadillac Motor Company of Detroit, Mich., and the automobile identified by the number of the lock. This testimony was objected to upon the ground that it was not the best evidence, incompetent, irrelevant, and immaterial and hearsay. Since it is clear that Benjamin was the owner of the car, and defendant made no attempt to prove title from him, nor, in fact, to trace the origin of any title in himself, and that the numbers given by the witness as identification numbers correspond with the numbers on the parts of the car, the testimony was admissible as circumstances tending to prove the ownership and identity of the car.

[5] But, if the testimony of one or more of these three witnesses as to car numbers, used for identification, was erroneously admitted for any reason assigned, nevertheless there is sufficient competent evidence other than this as to indentification of the car, and that it was stolen, etc., to authorize the rendition of the judgment, in such cases where the case is tried by the court, and, no findings of fact and conclusions of law having been filed, a cause will not be reversed. Orient Land Co. v. Reeder (Tex. Civ. App.) 173 S. W. 939.

Affirmed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes