**EAGLE FURNITURE STORES v. JONES.**

No. 3186.

Court of Civil Appeals of Texas. Beaumont.

Nov. 18, 1937.

· Archie S. Brown, Jr., of San Antonio, and O. E. Threlkeld, of Seguin, for appellant.

A. C. Linne, of Seguin, for appellee.

O'QUINN, Justice.

This case originated in the justice court of Guadalupe county, Tex., and was appealed to the county court of said county. In both courts the pleadings were oral.

Ella Jones sued the Eagle Furniture Stores to recover the value of certain furniture alleged to be worth $109, which furniture she alleged had been unlawfully converted by the Eagle Furniture Stores. She further alleged that the furniture was exempt under the laws of the State of Texas.

The defendant, appellant, answered by general demurrer, general denial, and also denied that the property in question was exempt. It further specially answered that plaintiff had purchased the property involved from the defendant, and that on the date of the alleged conversion she was indebted to defendant in the sum of $193.25. That it was agreed between plaintiff and defendant that it could repossess the furniture in cancellation of the debt wherefore she was precluded from setting up a claim for same. Defendant further specially answered and

said it had a valid, subsisting, and unsatisfied mortgage lien on the several items of furniture alleged to have been converted by it, and that its repossession of the furniture was authorized by and in accordance with the terms of the said chattel mortgage.

In replication, plaintiff orally answered admitting that at the time defendant took possession of the furniture, she owed it the sum of $70, and that the furniture described in the mortgage was taken in full satisfaction of the debt.

The case was tried to a jury upon special issues, in answer to which it found that plaintiff did not consent for defendant to take possession of the furniture; and that the value of the furniture taken was $45. On this verdict judgment in favor of the plaintiff was rendered against defendant for $45. Motion for a new trial was overruled, and the case is before us on appeal.

 On the trial appellant proffered testimony to prove the contents of its alleged mortgage covering the furniture alleged by appellee to have been converted by appellant. The testimony showed the mortgage to be lost, and that diligent and sufficient search had been made for it, and that it could not be found. Appellant offered oral proof of its contents by a witness who had seen and read it. Also a carbon copy of the mortgage was produced and proved to be a copy and offered in evidence, but on objection of appellant was excluded. Error is assigned against the action of the court in excluding evidence as to the contents of the lost mortgage. We sustain the assignment. The evidence was admissible. Sayles v. Bradley & Metcalf Co., 92 Tex. 406, 49 S.W. 209. 17 Tex.Jur., Evidence, § 186, p. 481; § 188, p. 484. The evidence as to appellant having a mortgage on the property repossessed, and that the repossession was in accordance with the terms of the mortgage, was highly important because if such mortgage existed, and the repossession was authorized by it, and the terms of the mortgage were complied with, then appellee had no cause of action. The want of consent on the part of appellee, if such was the case, was immaterial if appellant had a mortgage covering the property, and the property was taken under and in accordance with the authority granted in the mortgage.

We sustain appellant's assignments against special issue No. 2, as worded by the court. In effect, we think, it assumed liability on the part of appellant, and fails to charge any measure of damages, or how same, if damages were found, were to be determined. Having pleaded the market value of the property and the evidence showing that there was a market for second hand furniture, its market value must have been shown, and not its intrinsic value. Intrinsic value may be shown where no market value exists. The charge nowhere advised the jury as to what was the measure by which they could ascertain the value of the property involved.

We think, too, that the assignment is well taken complaining of the argument of counsel for appellee. This will not occur on another trial.

Other assignments are presented, but as the matters complained of are not likely to arise on another trial they will not be discussed.

The judgment is reversed and the cause remanded for another trial.