**Lura Barbara HOLLINGSWORTH,**
Appellant,

v.

**SEARS, ROEBUCK & COMPANY,**
Appellee.

No. 10358.

Court of Civil Appeals of Texas.

Austin.

Jan. 4, 1955.

Rehearing Denied Jan. 18, 1956.

Harold Alberts, Corpus Christi, for appellant.

Fisher, Wood, Burney & Nesbitt, Corpus Christi, for appellee.

HUGHES, Justice.

This suit was brought by Lura Barbara Hollingsworth, appellant, against Sears, Roebuck and Company for damages resulting from fraudulent representations allegedly made by appellee's employees by which she was induced to buy from it and use certain plastic bathroom tile.

Prior to a trial on the merits appellee moved the court to enter an order prohibiting appellant "from presenting her grounds for relief in this suit."

The motion was made under Rule 202,[1] which provides, in part, that in taking the oral depositions of a party to a suit that if the witness (party) "fails to appear in answer to the subpoena, except for good cause shown, such party shall not be permitted to present his grounds for relief or his defenses."

The motion was heard and granted by the trial court and judgment was entered dismissing appellant's suit at her costs.

We take from appellee's brief the following account of the happenings below:

Pursuant to an agreement waiving all formalities in the taking of her oral deposition,[2] appellant voluntarily submitted herself to the jurisdiction of Paul C. Clenden-

1. All Rules referred to are from Texas Rules of Civil Procedure.

2. This agreement appears to have been dictated to the notary but was not signed by the attorneys.

ing, a Notary Public in and for Nueces County, Texas, on January 27, 1955, at the offices of her attorney, Mr. Harold Alberts, for the purpose of giving an oral deposition.

During the taking of the oral deposition, she testified that she had replaced the plastic tile purchased by her from appellee with clay tile and that the replacement cost amounted to $1,200.00 for which she, personally, made out her check in payment of the bill and that she had the cancelled check in her possession. Appellant refused to produce the cancelled check voluntarily upon request made by appellee's counsel.

After all pertinent matters had been covered by the oral deposition except those relating to the cancelled check,[3] the Notary Public taking the oral deposition recessed the taking of the deposition as follows:

"The Notary Public: All right, Mrs. Hollingsworth, the taking of this deposition is recessed until Monday, January 31, 1955, to be reconvened on that date at 1:30 p. m., in the 28th District Court Room in the County Courthouse, Nueces County Courthouse, in the City of Corpus Christi, Texas. You may now be excused until that time.

"Mr. Alberts: (Attorney for appellant) Mrs. Hollingsworth, you just forget what he told you and forget about it. You don't have to come back. That will be all."

The refusal of appellant to produce the cancelled check was duly made known to the trial court, whereupon the trial court on the 27th day of January, 1955, entered this order:

" * * * that the Clerk of this Court duly issue a subpoena duces tecum addressed to the said Lura Barbara Hollingsworth, commanding her to bring with her and produce in the 28th District Court Room in Corpus Christi, Nueces County, Texas, at the Courthouse, at 1:30 o'clock P.M. on Monday, January 31, 1955, the said cancelled check, and there, before Paul Clendening, Notary Public who is taking said deposition and who recessed the taking thereof to the time and place above mentioned, exhibit said cancelled check to Counsel for the Defendant and submit herself to cross-examination by said counsel for the defendant with regard thereto."

Pursuant to said court order, the clerk of said District Court on the 27th day of January, 1955, duly issued the subpoena duces tecum commanding appellant to appear at the stated hour and day and place, and bring with her the cancelled check, which said subpoena duces tecum was duly and timely served on appellant on the 27th day of January, 1955, together with One Dollar tendered to her as her witness fees, as is evidenced by the officer's return thereon.

On January 31, 1955, the Notary appeared in the 28th District Court Room, Nueces County Courthouse, Corpus Christi, Texas, at 1:15 p. m. and remained there until 2:05 p. m. Neither Mr. Harold Alberts, attorney for appellant, nor appellant appeared. At 2:05 p. m. on January 31, 1955, the Notary again recessed the taking of said deposition "until such time and place as might be set by counsel by agreement, or until such time and place as may be designated by the Court by order."

The oral deposition theretofore given by appellant was reduced to writing, signed and sworn to by the Notary and was duly filed among the papers of the cause on February 1, 1955.

On the hearing on the motion the Court stated:

3. As to this the record shows:
  "Mr. Nesbitt: (Attorney for appellee) I believe that is all, other than the cancelled check, which we wish to tender in evidence, and I will request the court reported to issue—see that the subpoena is served, duces tecum, for the check in

the sum of $1200.00 which the witness testified that she made out and paid to the party who did the clay tile work and I will ask the reporter to recess the taking of the deposition until such time as that comes in."

**184**

"The Court: Let the record show that during the hearing on Defendant's Motion, in Open Court, after the evidence was closed, and during the argument on the Motion, the Plaintiff's attorney made in Open Court, in substance, the declaration and statement addressed to the Court that the Plaintiff would continue to refuse to appear before the Notary Public and complete her oral deposition, or to obey the instructions or orders of the Notary Public with regard thereto, and would continue to refuse to produce the cancelled check required of her by the subpoena duces tecum or to submit herself to oral examination with regard thereto; Plaintiff's attorney further stating that under the law Plaintiff was not required to make any further appearance or make any further answers in connection with the deposition."

Texas seems to have no general civil statute or court rule authorizing the issuance of a subpoena duces tecum although there is a criminal statute, Art. 462, Vernon's Ann.C.C.P., and special civil statutes, Art. 7103, Vernon's Ann.Civ.St., relating to powers of the Intangible Tax Board and Art. 5429b, Vernon's Ann.Civ.St., relating to the Texas Legislative Council, and perhaps others. The enforcement of these statutes is by the imposition of fines in criminal cases and by contempt proceedings under the civil statutes.

The subpoena duces tecum is of ancient origin and is well known to the common law. Its use in our courts is of frequent occurrence. It has never been held, however, and no statute or rule has ever provided that the subpoena could be issued by a Notary Public. The reasons for this were stated by the Supreme Court many years ago in Sayles v. Bradley & Metcalf Co., 92 Tex. 406, 49 S.W. 209, 210, in this language:

"Our Revised Statutes of 1895 (articles 2282–2284) provide for bringing the witness before the officer holding the commission to take his deposition, and compelling him to 'answer' the 'interrogatories,' and reducing the 'answers' to writing, and signing and swearing to same; but there is no attempt to confer upon such officer the delicate and dangerous power of compelling the witness to deliver or attach his private papers. A more comprehensive statute than ours has been held not to confer such power. Ex parte Mallinkrodt, 20 Mo. 493. When a trial court compels a citizen by its subpoena duces tecum to bring his paper into court, and the citizen there objects to delivering same, he has the valuable right to lay his objections before a tribunal learned in the law, and supposed to be fully cognizant of and willing to protect his private affairs and rights from undue exposure or injury, and may finally discharge him without compelling the delivery of the paper, or may make such order for its temporary custody and return as the case may demand. The officers taking depositions are not supposed to have any such knowledge or power, and therefore the legislature has not seen fit to confer upon them the power to compel the production of papers. If it were thought necessary to the administration of justice to procure such papers, it would seem wiser to permit the trial court, upon a proper showing, to issue its subpoena duces tecum to any county in the state."

Our present rules provide, as did the statutes referred to above, merely that the witness appear and answer questions. Rules 194, 203.

The Notary not having authority to require production of the check the question arises as to whether or not its production before a Notary could be compelled in the roundabout manner, employed here, of having a subpoena issued by the District Clerk under order of the court.

We must bear in mind that the subpoena did not require appellant to produce the check in open court upon trial of the case but to produce it before the Notary.

Appellee cites us to no statute or rule upon which the trial court could base such authority. There is a Rule, however, which expressly authorizes the court to make such an order if the proper procedure had been adopted. This is Rule 167.

The obvious reason appellee does not rely upon this Rule as supporting the order in question is that such order was made without the notice required by the Rule.

Rule 170 prescribes the penalties for disobeying a valid order under Rule 167 which includes dismissal of the action or rendition of a default judgment against the transgressor.

If the order in question is valid without notice then there would be little need for Rule 167 which requires notice.

It is our opinion that the proper effect to be given Rule 167 is to deny the authority of court to order production and inspection of private documents in an out of court proceeding except in compliance with or a waiver of its terms.

The record shows that examination of appellant by appellee was complete except for such interrogation as might be made upon production of the check. Since, as we hold, appellant was not required to produce the check under the circumstances of this case there was no occasion for her further examination.

We cannot hold that this record shows that appellant has failed to "appear in answer" to any valid subpoena or in accordance with her agreement so as to justify dismissal of her suit under Rule 202.

Appellant has filed a separate motion to remand this cause to which are attached affidavits of herself and her attorney and what purports to be a photostatic copy of the check in question.

The substance of the affidavits is that neither appellant, a nonagenarian, nor her attorney had notice of the court's order of January 27, 1955, copied infra, until long after its entry, and not, in fact, until No-vember 2, 1955, long after the judgment of dismissal was entered herein.

We have not considered the contents of this motion or of the attached documents in disposing of this appeal but set them out in order to complete the record.

In view of our disposition of this case it is deemed unnecessary that we consider or pass upon the motion to remand and it is accordingly dismissed.

The judgment of dismissal is reversed and this cause is remanded.

Reversed and remanded.