SEARS, ROEBUCK & COMPANY v. LURA BARBARA HOLLINGSWORTH

No. A-5661. Decided June 27, 1956.
Rehearing Overruled October 10, 1956.
(293 S.W. 2d Series 639)

*Fischer, Wood Burney & Nesbitt,* and *Frank W. Nesbitt,* all of·Corpus Christi, for petitioner.

On the proposition that the Court of Civil Appeals had the power to decide a cause and reverse a judgment of the trial court, on the ground that the order of the trial judge and the subpoena decus tecum were invalid for want of authority on the part of the trial court to dismiss the case, which error was not complained of by appellant in any point presented to the

court of civil appeals. Ramsey v. Dunlop, 146 Texas 196, 205 S.W. 2d 979; Sayles v. Bradley & Metcalfe Co., 92 Texas 406, 49 S.W. 210; Hastings Oil Co. v. Texas Co., 149 Texas 416, 234 S.W. 2d 289.

*Harold Alberts*, of Corpus Christi, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Respondent sued petitioner for damages resulting from allegedly fraudulent representations made to her by petitioner's employees by which she was induced to buy and use certain plastic bathroom tile.

After the suit was filed, respondent, on January 27, 1955, voluntarily submitted herself to the jurisdiction of a Notary Public for the purpose of giving an oral deposition. In the course of giving her deposition she testified that she had replaced the plastic tile purchased from petitioner with clay tile, purchased from another, for which she paid approximately $1,200.00 by personal check. She testified she had the cancelled check in her possession but she declined to produce it.

Counsel for petitioner requested the Notary Public to issue a subpoena duces tecum directing respondent to produce the check for examination, and when he had otherwise completed his examination of respondent he requested the Notary to recess the hearing until the subpoena was served. The Notary thereupon recessed the hearing to 1:30 p.m., January 31, 1955, and advised respondent she was excused until that time. Following the recess of the taking of the deposition, counsel for petitioner, on the same day, applied to the Judge of the court in which the case was pending for an order directing the issuance of a subpoena duces tecum requiring respondent to produce the check. Such an order was entered without notice to respondent.

The order directed the clerk to "issue a subpoena duces tecum addressed to the said Lura Barbara Hollingsworth, commanding her to bring with her and produce in the 28th District Court room in Corpus Christi, Nueces County, Texas, at the Court-house, at 1:30 o'clock p.m. on Monday, January 31, 1955, the said cancelled check, and there, before Paul Clendening, Notary Public who is taking said deposition and who recessed the taking thereof to the time and place above mentioned, exhibit said cancelled check to counsel for the defendant and submit herself to cross-examination by said counsel for defendant with regard

thereto." A subpoena duces tecum was duly issued by the clerk and served on respondent, but respondent did not appear and produce the check as commanded.

On February 17th petitioner filed a motion requesting the court to enter an order prohibiting respondent from presenting her grounds for relief. Due notice of this motion was given and a hearing thereon was held. The court found that respondent had "willfully and intentionally failed and refused to obey the dictates of said subpoena duces tecum in failing and refusing to produce at the time and place so ordered that certain written record admittedly in her possession, towit, a certain cancelled check fully described in said subpoena duces tecum, and to submit herself to oral examination with regard thereto, and to continue with and complete her said oral deposition theretofore begun, and that the said plaintiff, in acordance with the declarations and statements made in open court by her attorney of record, will continue to fail and refuse to comply with said orders and instructions * * * ." The Court thereupon dismissed the cause and respondent appealed. The Court of Civil Appeals reversed the judgment of dismissal and remanded the cause for trial. 286 S.W. 2d 182.

The Court of Civil Appeals reversed the judgment of the trial court on the ground that the trial court was without authority to order the production of the check for inspection by opposing counsel in the deposition proceedings.

■ Petitioner's application for writ of error was granted on points of error asserting that the Court of Civil Appeals erred in the holding just mentioned. The application contains another point of error (Fourteenth Point) asserting that the error on which the Court of Civil Appeals reversed was not assigned by respondent as appellant in that court and that it was therefore waived. For our purposes we shall assume that petitioner's Fourteenth Point of error is good and should be sustained. Even so, we must look to the brief filed by respondent as appellant in the Court of Civil Appeals to see if there are other points of error in such brief upon which the judgment of the Court of Civil Appeals should be affirmed. Rule 505, Texas Rules of Civil Procedure.

■ When we examine respondent's brief in the Court of Civil Appeals we find included therein her Second Point reading as follows: "The court should have instructed the witness to produce the document rather than work an irreparable hardship

on the appellant by peremptorily dismissing the case for her refusal to produce it in response to the Notary Public's demand." Under her Second Point of error respondent argued that it was "unequitable and unconscionable for a Court of equity to finally adjudicate the rights of (this) plaintiff without an opportunity for the plaintiff to be heard on the merits." Neither the point of error nor the argument, strictly speaking, challenges the authority of the court to dismiss the suit, but the point of error and the argument, considered together, definitely complain of the court's action in dismissing the suit and we feel they are sufficient to authorize an inquiry into the right of the court to order the dismissal. We further feel that the trial court was without power or authority to penalize respondent by dismissing her suit, and accordingly we hold that the judgment of the Court of Civil Appeals must be affirmed.

If authority to impose the penalty of dismissal exists it must be found in Rules of Procedure governing the taking of depositions or those governing discovery.

■ Rules 188, 199-202, Texas Rules of Civil Procedure, relate to and govern the taking of oral depositions. Assuming that a trial court has authority to direct the issuance of a subpoena duces tecum for the production of a private document for examination by the adverse party in a deposition proceeding, there is yet in the foregoing Rules no authority for the dismissal of a suit upon failure to comply with such a subpoena.

■ Rule 202, after providing for the issuance of a commission to take the deposition of a witness and the issuance of a subpoena to be served upon such witness, contains the following proviso: "Provided that where the witness is a party to the suit with an attorney of record, service of the subpoena in such case may be made upon the attorney representing the witness, and if the witness fails to appear in answer to the subpoena, except for good cause shown, such party shall not be permitted to present his grounds for relief or his defenses." It seems clear that the denial of a party's right to "present his grounds for relief or his defenses" may be imposed as a penalty only if the witness "fails to appear" in answer to the subpoena. The penalty provided in the Rule is a harsh one and should be imposed only where clearly authorized. The language of the Rule simply does not lend itself to the conclusion that the penalty may be imposed on a party who fails to produce a private document for examination in a deposition proceeding. The problem here is not the same and our holding is therefore not in conflict with the majori-

ty opinion in Saenz v. Sanders, Texas Civ. App., 241 S.W. 2d 316.

■ Rule 167 relates to discovery. It specifically authorizes the court to order the production, inspection and copying of private documents "which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control." Alternative penalties are provided for a refusal to make discovery as required by Rule 167. These penalties are found in Rule 170 and among them is one authorizing the court to dismiss the action or proceeding. However, as noted by the Court of Civil Appeals, the penalties for failing to make discovery may be imposed only where all parties have been given notice of the motion to require production, etc. and have had an opportunity to be heard. No such notice or opportunity were given respondent in this case.

It may be noted that the order of the trial court dismissing respondent's suit contained recitations that respondent had refused "to continue with and complete her said oral deposition," but petitioner admitted that it had finished its examination of respondent, except for its wish to examine the cancelled check and interrogate respondent with respect thereto, and any fair analysis of the record reveals that respondent did not fail or refuse to complete her oral deposition except in so far as she was required to comply with the subpoena duces tecum in the production of the cancelled check.

■ As heretofore indicated, it is our opinion that the trial court had no authority to penalize respondent for disobedience of the subpoena duces tecum by dismissing her suit. Had respondent been commanded by subpoena duces tecum to produce the cancelled check on the trial of the case, and had she refused, the trial court might have punished her for contempt but it would have had no authority to dismiss her suit. In the absence of specific provision therefor it had no greater authority to dismiss her suit because of her refusal to produce the check at the deposition proceeding.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice Garwood dissenting.

Associate Justice McCall not sitting.

Opinion delivered June 27, 1956.

ON MOTION FOR REHEARING

Mr. Justice Garwood dissenting.

When the opinion of the Court was first handed down, I merely noted my dissent, but on the motion for rehearing have concluded to specify the reasons therefor.

A general reason is that, while the decision takes an admittedly free or "nontechnical" position in bypassing the point on which the writ of error was granted and deciding for the respondent on a point which she actually did not raise in the Court of Civil Appeals, it is yet technical in the undesirable sense of that word in what I consider its narrow and literal application of Rule 202 of the Rules of Civil Procedure.

Another general reason is that the Court—at least as I construe its opinion—is too greatly concerned with the individual welfare of the respondent and too little with the welfare of the administration of justice in the trial courts. When we say that the dismissal of a clearly recalcitrant plaintiff's suit is such a "harsh" thing that we must construe rules so as to repudiate the action of the trial judge, who sought thus only to vindicate the authority of the courts, and must restrict him to such powers as are spelled out in the Rules in *haec verba,* we exaggerate. Obviously dismissal is not in and of itself dangerously drastic, or we would not have made express, unqualified allowance for it in Rules 170 and 202, thus—and quite sensibly—leaving the use of the power to the discretion of the judge, who is not unnaturally assumed to be a person of discretion. Still more obviously, dismissal is not "harsh" where, as here, the plaintiff, without ever giving any reason except a purely "technical" one, deliberately stalls for weeks the machinery of justice, consumes much time of lawyers, notaries, clerks and judges and, after more than ample notice to appear and produce the check, as she was lawfully and solemnly commanded to do, persists in refusing in the face of a motion to dismiss and the evident threat of the judge to grant it. Most any compulsion is in a sense harsh, but, in an even more proper sense, it is not harsh where the conduct of the party in question virtually "asks for it." In this connection it is of interest that the respondent-plaintiff never has given any reason on the merits as to why production of the check was withheld, but on the contrary expressly stated in the Court of Civil Appeals that she "had no motive in refusing to produce said check other than sincerely believing that she was not compelled to produce documents upon the order of a Notary

Public." (Her first refusal occurred before any order or sub- poena from any source was suggested, and, of course, the sub- poena itself was signed by the clerk upon order of the judge himself.) Obviously the check was material to the case, not con- fidential, and the respondent-plaintiff had at all times admitted that she had it.

But we say that even if she virtually invited the dismissal, the trial judge yet acted without authority in dismissing the suit. We say that Rule 202, supra, which expressly authorizes dismissals where the subpoenaed party "fails to *appear* in answer to the subpoena," does not apply, because, although the witness admittedly did not appear (or appear with the check) as validly commanded, her only important recalcitrance was failing to produce the check, and Rule 202 says nothing about failing to produce documents.

A sufficient answer to this argument is that if we are to construe narrowly the "fails to appear" in Rule 202, we must logically apply it only to failure to be present, because it says no more about *testifying* than it does about producing docu- ments and testifying with regard to them. Obviously we will not deny the power of the judge to dismiss where the litigant ac- tually appears but refuses to testify, although the rule says nothing about failure "to testify." Why then, as a matter of "construction," should we deny the same power in respect of failure to produce and testify about documents, because the rule does not mention that matter? Clearly the phrase "fails to ap- pear" in the rule is used in the broad sense of "failure to obey the subpoena," and to construe it as meaning "failure to appear or to give purely oral testimony but not failure to appear or produce documents" is not only illogical, but also an undesir- able undermining of the discretion which trial judges ought to enjoy in matters of this kind. They have little enough as it is, and, considering that they are at least presumptively learned, unbiased and discreet officers, we ought to lean toward resolv- ing doubts in their favor rather than otherwise.

I can imagine no good reason to interpret "fails to appear" as including "fails to testify after appearing" and yet not in- cluding "fails to produce and testify about documents of which the subpoena commands production," unless it be that other provisions of the Rules prohibit the issuance of a subpoena *duces tecum* without previous notice—the point on which the writ was granted, but on which we omit to pass. In my opinion the power of a court to issue a subpoena *duces tecum* exists

apart from Rule 167, which refers to the equitable process of discovery, so that the subpoena in the instant case would have been valid even if issued without previous notice to the respondent—plaintiff, although subject to her motion to quash or limit it, if the document should for some reason be not a proper subject matter for production. In any event, I see no reason why, under theories of waiver, substantial compliance or harmless error, the judgment of the trial court should not be sustained. At the very outset—while the deposition of the respondent-plaintiff was being taken and when she was requested to produce the check, her lawyer said that she did not have to, and would not, produce it, notwithstanding the deposition should be adjourned for the express purpose that steps could be taken to make her produce it. The fact that the lawyer may have thought that the notary himself would attempt to issue the subpoena is not material, although, as stated, the first refusal antedated any talk about subpoenas. Thereafter the subpoena was issued by the clerk of the court pursuant to order of the judge and duly served, and several days later the respondent-plaintiff was served with ample notice of the motion of the petitioner-defendant for dismissal of her suit for failure to produce in response to the subpoena. If any question was raised on her behalf, at or before the hearing on this motion, to the effect that the check was confidential, or otherwise not a proper subject of enquiry on the merits, neither the record nor briefs anywhere suggest it. Her aforementioned statement in the Court of Civil Appeals about her "motive" confirms that she raised no such question.

Now the only purpose of the provision for notice in Rule 167 is to afford the party in question opportunity to consider and debate the propriety of the discovery. The respondent-plaintiff had more than ample opportunity to debate the matter but never did so or had any intention of so doing, sought to avoid production of the check on purely procedural grounds and persisted in this attitude in the face of the hearing on the motion for dismissal. No doubt, the dismissal would have been revoked by the judge even after he had ordered it, if only she had consented to produce the check, but she and her lawyers like "Bill O'Day" decided to "die maintaining their right of way" (if any), and I think they should be treated accordingly. Eventually, in the Court of Civil Appeals, they did conclude to produce a photostatic copy of the check as part of a so-called Motion to Remand, but this was at best rather late in the day, after much time and trouble had been uselessly wasted.

I would reverse the decision of the Court of Civil Appeals and affirm that of the trial court dismissing the suit.

Opinion delivered October 10, 1956.

Rehearing overruled October 10, 1956.