Wayne RAMSAY, Appellant,

v.

**SANTA ROSA MEDICAL CENTER et al., Appellees.**

No. 15172.

Court of Civil Appeals of Texas, San Antonio.

June 13, 1973.

Rehearing Denied Sept. 12, 1973.

**742**

Wayne Ramsay, pro se.

Thomas H. Sharp, Jr., Groce, Locke & Hebdon, Paul M. Green, Lang, Cross, La-

don, Boldrick & Green, San Antonio, for appellees.

BARROW, Chief Justice.

This is an appeal from an order of dismissal under Rule 170(c),[1] after appellant willfully refused to produce his personal diary for *in camera* inspection as ordered by the trial court after a hearing of appellees' motion for discovery under Rule 167.

Appellant filed this suit against appellees, Santa Rosa Medical Center, Dr. Wade Lewis and Dr. James Bailey, to recover damages because of the alleged denial of rights provided under the Texas Mental Health Code, Article 5547–86, Vernon's Tex.Rev.Civ.Stat.Ann. On May 15, 1969, appellant, then twenty years of age, was hospitalized at the Santa Rosa Medical Center under an Order for Protective Custody initiated by his parents and issued by the County Civil Court at Law of Bexar County. He alleged that Dr. Bailey, acting under authority delegated to him by Dr. Lewis, as head of the hospital, illegally denied him freedom to communicate with persons outside of the hospital, including legal counsel and a psychologist. Appellant sought actual damages of $1,000 and punitive damages of $4,000.

Appellant expressly sought to restrict the claim asserted herein because of his suit pending in the United States District Court against Dr. Bailey, the judge of the Bexar County Civil Court at Law, and other parties, wherein he challenges the constitutionality of the Texas Mental Health Code, and seeks other relief.[2] There is pending in said federal action appellant's motion for leave to amend his action to join Dr. Lewis and the Santa Rosa Medical Center as defendants, and to incorporate the cause of action asserted herein.

Appellees learned from pleadings filed by appellant in the federal court case, and

---

1. All references to rules are the Texas Rules of Civil Procedure.

2. We do not have these pleadings before us, and our information is limited to appellant's testimony.

from the oral deposition taken of appellant, that appellant had kept a personal diary for several years prior to May 15, 1969, and further, that appellant was of the opinion that his parents had him hospitalized after reading said diary. Appellees then moved, under Rule 167, to discover the diary subject to *in camera* inspection by the trial court to determine if any of same was relevant and material. Appellant, then a law student, represented himself and took the position that the court was constitutionally prohibited from compelling him to produce his diary. He said: "I have wanted to litigate for years that particular issue, the issue of whether or not I have a right to keep a private record of my own life that I make every day." Appellant admitted that the diary was in his possession but said he would not produce same.

After a hearing, the court stated that any entries in the diary which showed appellant's mental condition prior to admission would be relevant, and that the motion would be granted to this extent. At this point, appellant suggested that the court should dismiss the case so that he could appeal. Appellant asked for a few days to consider the question, which was granted, and at the subsequent hearing, he suggested that a fine for contempt would be the proper remedy, rather than dismissal. He stated, however, that he would refuse to produce the diary for *in camera* examination by the trial court to determine if any of same was relevant. After it was finally determined that appellant willfully refused to produce said diary, the trial court entered the order of dismissal and appellant timely perfected this appeal.

Appellant asserts two assignments of error. He first urges that the trial court abused its discretion in ordering appellant to produce his diary, and, furthermore, the court is constitutionally without power to do so. A substantial part of appellant's brief relates to the merits of the case rather than to the issue of discovery. He urges that a person has a constitutional right to think about anything, including suicide. Further, he suggests that there is no such condition as mental illness; and, in any event, mental hospitals do not serve any useful purpose to the patient. These matters more properly relate to the constitutional questions he raises in his federal court case. Under his second point, appellant asserts that even if the diary is subject to discovery, the trial court abused its discretion in dismissing the lawsuit after appellant refused to produce said diary.

■ Under Rule 167, the trial court may order any party in the case to produce, and permit the inspection of, documents which constitute or contain evidence material to the matter involved in the action. There is no statutory privilege of a diary. Furthermore, no question of self-incrimination is involved, in that appellant does not claim the entries would incriminate him in any way. See 1 McCormick & Ray, Texas Practice, Chapter 7, Topic 1 (2d ed. 1956). The order of discovery does not violate appellant's freedom of speech as granted by Article 1, Section 8, of the Texas Constitution, Vernon's Ann.St. Nevertheless, a diary is of a very personal nature; and, therefore, maximum protection should be given to insure that only relevant and material portions of same are revealed.

In Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959), the Supreme Court held that in a discovery proceeding the trial court had the duty to examine the documents in question so as to ascertain what parts are material and relevant to the main cause, and to prevent the adversary from having access to information of a private nature that is not relevant or material to any issue in the case. See, also: Maresca v. Marks, 362 S.W.2d 299 (Tex.1962); Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449 (Tex.1962). This protection has been provided appellant by the trial court's order in this case.

■ The contents of the diary were not before the trial court and are not before

us; however, appellant urges that nothing contained therein could possibly be relevant or material in this suit. It is seen, however, that appellant filed a page from said diary with his pleadings in the federal court, and this entry expressed his intent to commit suicide. Article 5547–86 supra, authorizes the head of the mental hospital to restrict a patient's right to communicate with persons outside of the hospital if he determines that such restriction is necessary for the welfare of the patient. Obviously, the patient's mental state of mind would be material and relevant to the issue of whether the head of the hospital had erred in imposing such restrictions. Although appellant now denies that his parents saw his diary before he was hospitalized, at the time of his deposition, he testified that his parents had him hospitalized after seeing the diary. At the trial, he conceded admissibility of the diary on the question of mitigation of damages. In this state of the record, the trial court did not abuse its discretion in ordering appellant to produce the diary for an *in camera* inspection by the court to determine if any of same was material and relevant.

Under his second point, appellant asserts that even if the trial court was authorized to grant the motion for discovery, the court abused its discretion by dismissing the suit upon appellant's willful refusal to comply with same. Rule 170 authorizes the court to take certain actions upon the refusal of a party to obey an order of discovery. The court is authorized: to take the requested facts as established; refuse to allow a disobedient party to establish his claim or defense; strike out parts of the pleadings relating to the discovery motion and stay the case until the order is obeyed; or it may dismiss the action.

We recognize that the dismissal of a petition is a harsh penalty and one that should be used sparingly. Sears, Roebuck & Company v. Hollingsworth, 156 Tex. 176, 293 S.W.2d 639 (1956). On the other hand, a fine for contempt, as suggested by appellant, would be of little value in that appellant admitted that the diary still would not be produced. Appellant was representing himself and willfully refused to comply. Cf. Texhoma Stores, Inc. v. American Central Insurance Company, 398 S.W.2d 344 (Tex.Civ.App.—Tyler 1966, affirmed 401 S.W.2d 593 [Tex.1966]). Appellant expressed the desire to determine the validity of such order, and, at the outset, recognized that this could most effectively be accomplished by an order of dismissal. Appellant could have avoided the dismissal at any time without any substantial harm by permitting an *in camera* inspection. Under these circumstances, the trial court really had no choice; and, accordingly, it did not abuse its discretion in dismissing the cause.

The judgment of the trial court is affirmed.