Phyllis **RAINWATER**, Appellant,

v.

Deborah Ann **HADDOX**, Appellee.

No. 8734.

Court of Civil Appeals of Texas, Amarillo.

Nov. 22, 1976.

Thompson, Coe, Cousins & Irons, Larry L. Gollaher, Dallas, for appellant.

Blankenship & Potts, John A. Stewart, Dallas, for appellee.

REYNOLDS, Justice.

Upon the defendant's failure to comply with its order to answer interrogatories in this suit for personal injuries, the trial court imposed sanctions and, hearing evidence of damages, rendered its monetary judgment for plaintiff. Among the sanctions imposed over the objections of defendant's counsel were the removal of the cause from the

jury docket and the denial to counsel of the right to participate in the hearing on damages. The determinative question is whether these sanctions were, and we hold that they were not, authorized or just. Reversed and remanded.

Deborah Ann Haddox brought this suit to recover damages from Phyllis Rainwater for injuries Haddox sustained in an automobile collision with Rainwater. Rainwater timely answered. A jury fee was paid and the cause was placed on the jury docket.

More than a year after Rainwater answered, Haddox propounded to Rainwater's attorneys requests that Rainwater admit certain facts and answer certain interrogatories. After five months had elapsed without a response to the requests, Haddox applied for an order to compel answers to the interrogatories. The court, after notice and a hearing, ordered Rainwater to answer, allowing her approximately two and one-half months to comply. There was no compliance and, some two months following the ordered compliance date, Haddox moved the court to impose sanctions. Within three weeks thereafter, Rainwater's attorneys asked leave of the court to withdraw as counsel because, despite their verified diligent efforts, they had been for almost a year and were then unable to locate Rainwater to secure her cooperation in the defense of the suit.

After notice of and a hearing on the motions, the court denied the written motion by Rainwater's counsel to withdraw and his oral motion for continuance made at the hearing, and imposed sanctions on Rainwater. The sanctions invoked were: Rainwater's answer was stricken, a jury trial was denied, Haddox was granted judgment subject to proving her unliquidated damages before the court, and Rainwater's counsel was denied any participation in the inquiry into the amount of Haddox's unliquidated damages. To each of these sanctions, Rainwater's counsel objected.

On the day previously set for the jury trial, the court heard evidence of Haddox's damages and denied to Rainwater's counsel, over his objections, the right to make objections and to cross-examine. The court rendered its judgment that Haddox recover from Rainwater the sum of $9,000, composed of $98 awarded for lost wages and $8,902 awarded for past and future pain and suffering, together with interest thereon and all costs. From this judgment an appeal has been perfected with seven points of error.

At the outset, we note that there was no error in the denial of the oral motion for a continuance. For a continuance, Rules 251 and 252 * require an application accompanied by affidavit setting forth sufficient cause. Where an application for continuance fails to conform to the rules, the denial of a continuance comes within the sound discretion of the court and it will be presumed, absent a showing of abuse of discretion, that the court properly exercised its discretion. *D_____ F_____ v. State,* 525 S.W.2d 933, 941 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). The court did not abuse its discretion in denying the oral motion for continuance when it developed there was no reasonable expectation of locating Rainwater. The sixth point of error is overruled.

Unchallenged is the validity of the court's order directing Rainwater to answer the interrogatories, and it is conceded that a court may impose sanctions for the refusal to comply with its valid order. The question on this appeal, however, is whether the trial court was authorized to impose, or justified in imposing, the sanctions it did.

When a party refuses to answer any question after being directed to do so by the proper court, the court is authorized by Rule 215a to consider the refusal as a contempt, or to make such orders as are just, including those permitted by Rule 170, the rule establishing the consequences of a refusal to make discovery. For the refusal to obey the court's order, Rule 170, in addition to authorizing the recovery of incurred expenses not material here, permits:

---

* All rules cited are the Texas Rules of Civil Procedure.

(a) an order that the matters regarding the character or description of the thing, or the contents of the paper, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(b) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents or things or items of testimony;

(c) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

■■■ Notwithstanding, a litigant's basic rights are not lightly disregarded and they should be curtailed only when formally sanctioned under the circumstances. Illustratively, the Supreme Court, in considering the then existing Rule 202 provision denying a party the right to present his grounds for relief or his defenses if he fails to appear in answer to a deposition subpoena, said, "The penalty provided in the Rule is a harsh one and should be imposed only when clearly authorized." *Sears, Roebuck & Company v. Hollingsworth,* 156 Tex. 176, 293 S.W.2d 639, 642 (1956). We see no reason why the same view should not be taken of the other rules which allow sanctions.

■■■ Thus, in the light of the stated factual circumstances and the legal principles, the court was clearly authorized and justified in striking Rainwater's answer and in rendering judgment by default against her subject to proof of Haddox's unliquidated damages. Points four and five are overruled.

There is, however, no specific authorization in the above-mentioned rules for the removal of a cause from the jury docket or for the denial of participation in the inquiry into the matter of unliquidated damages following a default judgment. If the authority exists, it is because the court's order would be just under the circumstances or because it flows from some other source.

It is not clear from the record which party paid the jury fee and placed the cause on the jury docket; but, assuming that Haddox did so, the authority for removing the cause from the jury docket is found in Rule 220, which, effective January 1, 1971, reads:

When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested. If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit. Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury.

■■ Rainwater's counsel, who had been denied leave to withdraw, appeared for trial and objected to the removal of the cause from the jury docket. The query, then, is whether Rainwater's failure to *personally* appear waived her right to trial by jury. It long has been the principle in Texas that whatever a man *sui juris* may do for himself may be done by his attorney. *Parker v. Poole,* 12 Tex. 85, 86 (1854). This is made manifest by Rule 7 which states: "Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."

■■ Accordingly, we hold that, for the purposes of Rule 220, a party, although not personally present, appears for trial when his attorney is present. Therefore, when Rainwater's counsel appeared for trial and objected to the removal of the cause from the jury docket, the court was not authorized to do so by Rule 220. Moreover, under the circumstances where Rainwater's right to a trial by jury was not forfeited under the rule and because this cause was previously set for a trial to a jury on the same day the court heard the matter of damages non-jury, we cannot say that the order removing the cause from the jury docket was a just one. The first point of error is sustained.

The judgment by default, which we have held was authorized and justified, did not, as the trial court recognized, dispense with the necessity for evidence of Haddox's unliquidated damages. Rule 243; *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd). During the hearing, however, Rainwater's counsel was denied the opportunity to interpose objections to the testimony of, and to cross-examine, the witness presented by Haddox on the matter of damages.

None of the rules permitting sanctions specifically provides for denial to a defendant against whom default judgment has been rendered on an unliquidated claim the right to protect himself from the testimony of damages given by plaintiff's witnesses. It is the Texas rule, as well as the general rule, that upon an inquiry into the amount of unliquidated damages after a default judgment, the defendant has the right to be present, to interpose objections to testimony offered by plaintiff's witnesses and to cross-examine them in order that, by the exclusion of improper evidence, a proper judgment may be rendered on competent and sufficient evidence. *St. Louis S.W. Ry. Co. v. Denson,* 26 S.W. 265, 266 (Tex.Civ. App.1894, no writ); *Maywald Trailer Co. v. Perry,* 238 S.W.2d 826, 827–28 (Tex.Civ. App.—Galveston 1951, writ ref'd n. r. e.); 47 Am.Jur.2d, Judgments, § 1187.

It follows that the imposition of a sanction that is not specifically authorized in derogation of a clearly established legal right cannot be just. Points two and three are sustained.

The unauthorized and unjust sanctions imposed require that the judgment be reversed. For this reason, we do not discuss the seventh point of error which presents the contention of an excessive judgment.

The judgment is reversed and the cause is remanded.