**Nick PENA, Appellant,**

v.

**Oliver B. WILLIAMS et ux., Appellees.**

No. 15686.

Court of Civil Appeals of Texas, San Antonio.

Jan. 26, 1977.

Rehearing Denied March 2, 1977.

Jose F. Olivares, San Antonio, for appellant.

Jack B. Sims, Sims & Sims, San Antonio, for appellees.

BARROW, Chief Justice.

Appellees brought this suit to cancel a written lease agreement executed on October 10, 1972, whereby appellees leased to appellant, Nick Pena, and Gilbert Benavides a 105.2-acre tract of land in Bexar County for a primary term of five years. Judgment was entered on a jury verdict terminating the lease and awarding appellees judgment against Pena and Benavides jointly for unpaid rents of $1,700.00 plus the sum of $99.56 for insurance premiums paid by lessors on behalf of lessees. Only Pena has perfected an appeal.

Appellant urges six points of error; however, most are multifarious and complain of several matters. Under his first point, appellant asserts that the judgment is fundamentally erroneous for several reasons. He states at the outset that the judgment does not dispose of all parties in that Ted Moczygemba, who was joined as a party defendant in appellees' original petition, was not disposed of by the final judgment. This was not necessary since Moczygemba was dropped from the suit by appellees' amended petition and this had the effect of dismissing him from the suit. *Ridley v. McCallum*, 139 Tex. 540, 163 S.W.2d 833 (1942); *Valdez v. Gill*, 537 S.W.2d 477 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.). The judgment properly recites that Benavides appeared by his attorney of record in that an answer was filed on behalf of Benavides and Pena by Jose Olivares, Esq., and he vigorously protected both their interests. In any event, Benavides has not appealed. The uncontradicted evidence established the amount of rental owned by lessors and supports the finding by the trial court. The

other matters complained of by appellant under his first point were not urged in appellant's amended motion for new trial and were thereby waived. Rule 374.[1]

■ Appellant asserts by his second point of error that the trial court abused its discretion in striking appellant's answer and cross-action because of appellant's failure to respond to interrogatories propounded by appellees. When a party refuses to answer any question after being directed to do so, the trial court is authorized by Rule 215a to consider the refusal as a contempt, or to make such orders as are just, including those penalties permitted by Rule 170. Rule 170(c) permits an order striking pleadings or parts thereof.

■■ We recognize that this is a harsh penalty and should be sparingly used. Here it was used to enable the case to proceed to timely trial. The interrogatories filed by appellees sought information material to the case and appellant was given reasonable opportunity to produce same. Two separate hearings were held on appellees' motion to compel appellant to answer and appellant was given an opportunity after each hearing to complete his answers to the interrogatories. The answer and cross-action were not ordered stricken until shortly before the case was set for trial before a jury. Although all pleadings of appellant were ordered stricken, the appellant was permitted to appeal, cross-examine the witness of appellees, and call witnesses in his own behalf. The trial court did not abuse its discretion in striking the pleadings of appellant upon his refusal to answer the interrogatories. *Rainwater v. Haddox*, 544 S.W.2d 729 (Tex.Civ.App.—Amarillo, 1976, no writ history); *Ramsay v. Santa Rosa Medical Center*, 498 S.W.2d 741 (Tex.Civ. App.—San Antonio 1973), *cert. denied*, 417 U.S. 938, 94 S.Ct. 3062, 41 L.Ed.2d 661 (1974); *Thomas v. Thomas*, 446 S.W.2d 590 (Tex.Civ.App.—Eastland 1969, writ ref'd n. r. e.).

■ Appellant urges by his third point that the trial court erred in entering judg-ment on the jury findings that the appellant had committed material and substantial breaches of the lease because a trial judge had stated to the attorneys that as a matter of law the breaches were not material and substantial. A careful examination of the record establishes that the trial judge did not render judgment to this effect, but that his remark was made during a discussion with counsel outside the presence of the jury in an unsuccessful attempt by the trial judge to settle the case. The judge stated at that time that he would render judgment for appellees in the sum of $1,800.00 plus the unpaid insurance premiums *if there was no objection* by appellees. It is obvious that a settlement was not agreed to by the parties in that the jury was shortly recalled and appellant proceeded, without objection, to call another witness. Error is not shown by appellant's third point of error.

■ Appellant asserts by his fourth point that the issue inquiring as to whether he had sublet the premises was erroneous in that such issue was "a global issue." Any error in the form of the jury issue has been waived by appellant in that there are no objections to the court's charge brought forward in the transcript or even in the amended motion for new trial. Rule 324; *Sterling v. Tarvin*, 456 S.W.2d 529 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e.).

■ Appellant's fifth point, which complains of the money judgment against him, is based on his erroneous assumption that damages were awarded appellees for breach of the lease. The undisputed testimony establishes that appellant remained in possession of the premises during the pendency of the suit although no rent was paid. The trial court properly awarded appellees judgment for the unpaid rental value of the premises while lessees were in possession of the premises. No error is shown by this award.

■ Appellant's final point urges that there is no evidence or insufficient evidence to support the verdict of the jury.

1. All cites to rules are Texas Rules of Civil Procedure.

While we have serious doubts as to whether this point has been preserved by a proper assignment in appellant's amended motion for new trial,[2] there is sufficient evidence to support the jury findings that appellant had sublet the premises without the permission of appellees and that this breach was a material and substantial breach of the written lease. Appellant admitted that he had rented the premises to Ted Moczygemba for nearly a year at a rental of $60.00 per month. Paragraph three of the lease agreement provides: "That Lessee will not sub-let said premises, or any part thereof, to any person or persons whatsoever, without the consent of said Lessor, IN WRITING, thereto first obtained." These findings of a material breach support the judgment of the trial court terminating the lease and it is unnecessary to consider the jury findings of other breaches of the lease agreement. Appellant's sixth point is therefore without merit and is overruled.

The judgment is affirmed.

2. See *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960).