**Jimmy Burton PHILLIPS, Appellant,**

v.

**VINSON SUPPLY COMPANY, Appellee.**

**No. B2079.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 16, 1979.

Rehearing Denied June 6, 1979.

Carnegie H. Mims, Jr., Houston, for appellant.

Eric Hopkinson, Houston, for appellee.

Before BROWN, C. J., and COULSON and CIRE, JJ.

J. CURTISS BROWN, Chief Justice.

Jimmy Burton Phillips (Phillips or appellant) appeals from a trial court order dismissing his suit against Vinson Supply Company (appellee) with prejudice. We reverse and remand.

Phillips instituted this suit against appellee on February 2, 1978. He sought damages under article 8307c, Tex.Rev.Civ.Stat. Ann. (Supp.1978–79), which prohibits discrimination against an employee who files for worker's compensation benefits. He alleged that he had suffered mental pain and anguish, loss of wages, and loss of future earnings and prayed for recovery exceeding the amount of $10,000.00.

Appellee answered and then specially excepted to several parts of appellant's petition, including that portion alleging damages. This exception was based on the ground that the petition failed to "enumerate the dollar value for each element of damage plaintiff [alleged] to have incurred. . . ." Appellee asked that plaintiff "be required to itemize each element of damage he has incurred. . . ." Appellee also propounded a number of interrogatories to appellant. Upon a hearing, the special exception described above was sustained and appellant was given thirty days to amend and itemize the dollar value for each element of damages claimed.

One week after answers to interrogatories were due, appellee filed a motion to compel such answers. A hearing was held, which appellant's counsel failed to attend, and appellant was given eight days to answer the interrogatories. Upon appellant's failure to do so, appellee moved to dismiss appellant's cause of action. At a hearing

appellant was given ten days to amend his petition and to file answers to interrogatories.

Answers were filed on the ninth day. The amended pleading was not filed. Upon a hearing the trial judge found that the answers were "wholly deficient in that they [were] signed by the attorney of record . . . ," contrary to rule 168. He also found that answers numbered two, four, and six did not fully respond to the subject of inquiry. Based on this and upon appellant's failure to amend his pleading, it was ordered, on September 25, 1978, that appellant's causes of action against appellee be dismissed with prejudice.

■■■ Appellant raises two points of error. We will first consider his contention that it was error for the trial judge to sustain the special exception to his petition.

Rule 47, Tex.R.Civ.P., sets forth those matters to be contained in an original petition. These are to include ·

(b) in all claims for unliquidated damages only the statement that the damages sought exceed the minimum jurisdictional limits of the court . . . .

Section (c) provides that upon special exception, the trial judge shall require the pleader to specify the *maximum* amount claimed. There is no language authorizing the court to require itemization of specific elements. Accordingly it is error to sustain a special exception directed to such an end.

Appellee contends that rule 47 must be read in connection with rule 56, which states: "When items of special damage are claimed, they shall be specifically stated." This rule does nothing to alter those matters required or allowed under rule 47. It provides only that, for instance, when a plaintiff seeks to recover for loss of earning capacity, he shall expressly state the fact that he seeks such in his petition. The rule contains no language mandating allocation of a dollar value to elements of special damage; it requires only that the items of damage claimed be stated.

Further, rule 45 provides that the fact that an allegation "be of legal conclusion shall not be ground for objection when fair notice . . . . is given by the allegations as a whole." Appellee was given that notice of claimed damages required by rules 47 and 56, and therefore that portion of appellant's petition alleging damages was not subject to special exception.

For these reasons it was error to dismiss appellant's suit on the ground of failure to amend his petition.

We will next consider whether the judge erred in dismissing this case with prejudice on the ground that appellant failed properly to comply with the order to answer interrogatories.

■■■ Rule 168 allows the trial judge to utilize against a party who refuses to answer any interrogatory those sanctions authorized by paragraphs (a) and (b) of rule 215a. This rule permits the judge to make such orders as are just, including those allowed by rule 170. Rule 170 allows the court to make such orders as are just in regard to the refusal, including

(c) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

The rule obviously authorizes dismissal of all or part of the cause of action of a party who fails to comply with a discovery order. However, we hold that the specific term "dismissal", as used here, without any further authorization for the attachment of prejudice, is to be construed in the sense in which it is generally understood, that is, without prejudice. *See, Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial District*, 362 S.W.2d 101 (Tex.Sup.1962), wherein the supreme court stated that "dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." 362 S.W.2d at 104.

■■■ We can conceive of a situation in which the refusal on the part of the plain-

tiff to comply with a discovery order is sufficiently blatant and unjustified as to call for a judgment on the merits against that party. This action is indicated by the provisions of the rule allowing a default judgment against the disobedient party and such other orders as are just. However, when such a judgment on the merits is undertaken, it must be clearly characterized as such. Under these circumstances the court is empowered to grant a take-nothing judgment against the plaintiff. Obviously, pursuant to rule 170, only the most aggravating of circumstances would warrant a default judgment on the merits.

Having held that dismissal with prejudice is unauthorized for failure to answer interrogatories, we will consider the words "with prejudice" as surplusage and treat the action of the court merely as a dismissal. It then becomes necessary for us to consider whether the trial court abused its discretion under the facts in this case in dismissing pursuant to rule 170.

The court's final order to appellant to answer the interrogatories was on September 11, 1978. The answers were filed on September 20, within the time limit given. The court thereupon determined that the answers were defective in that they were signed by appellant's attorney and because three answers insufficiently responded to the interrogatories. Accordingly the judge, on September 25, without further notice to appellant that the answers were in any way defective, and without allowing an opportunity to correct the alleged defects, dismissed the case with prejudice. This dismissal occurred less than eight months after appellant's original petition was filed.

Pursuant to rules 168, 170, and 215a, the trial judge has a number of remedies open to him in seeking to secure compliance with the discovery rules and with court orders made in connection therewith. It is recognized that the purpose of these rules is not to punish the disobeying party, but is to secure such compliance. *Ebeling v. Gawlik*, 487 S.W.2d 187 (Tex.Civ.App.-Houston [1st Dist.] 1972, no writ history). We find that

the judge, in not giving notice as required by rule 168 or providing a hearing concerning the specific nature of the deficiencies and an opportunity to make the necessary corrections, deprived appellant of due process and abused his discretion in failing to utilize other remedies available to him to assure compliance with the order. *Texhoma Stores, Inc. v. American Central Insurance Co.*, 398 S.W.2d 344 (Tex.Civ.App.-Tyler 1966, writ ref'd n. r. e.).

We sustain both of appellant's points of error and reverse and remand this case to the trial court.

Reversed and remanded.

CIRE, J., not participating.