Annie M. WOODRUFF, Appellant,

v.

David P. COOK, Independent Administrator With Will Annexed to the Estate of Cecil R. Marriott a/k/a Cecil Raymond Marriott and Cotton Marriott, Deceased, Appellee.

No. 05–85–00516–CV.

Court of Appeals of Texas, Dallas.

June 27, 1986.

Rehearing Denied Oct. 22, 1986.

Martin L. Peterson, Stephenville, for appellant.

Bryant C. Boren, Mark A. Fankhauser and David Godbey, Dallas, for appellee.

Before AKIN, CARVER [1] and STEWART [2], JJ.

## ON MOTION FOR REHEARING

STEWART, Justice.

In our original opinion, we reversed the trial court on a point of error urging that appellant had not received adequate notice of the matters to be determined and the relief sought at a second hearing on a motion of appellee for contempt and sanctions. Subsequently, the supreme court issued its decision in *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex. 1985). We conclude that the holdings in that case mandate a reconsideration of our original decision; consequently, we grant

---

[1] The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

[2] The Honorable Annette Stewart replaced the Honorable James Zimmerman who sat but resigned before the original opinion issued.

the motion for rehearing, withdraw our prior opinion, and substitute this opinion therefor.

Annie M. Woodruff brought this appeal from a declaratory judgment suit. The suit was filed by David Cook, Independent Administrator of the Estate of Cecil R. Marriott, to have Woodruff declared not to have been the common-law wife of Cecil R. Marriott, deceased. As a sanction under rule 215, Woodruff's answer to the declaratory action was stricken by the trial court and the judge refused to grant her leave to file an amended answer. Thus the Estate obtained a default judgment against Woodruff. In four points of error, Woodruff contends that the trial court erred: (1) in granting the default judgment as a discovery-abuse sanction, because to do so was unjust and therefore an abuse of discretion; (2) in failing to give her an opportunity to correct any deficiency in her compliance with the court's order for production, thereby depriving her of due process; (3) in granting the default judgment because the notice given informed Woodruff that a hearing was scheduled to determine only whether she was guilty of constructive contempt of court, not for further action on the Estate's motion for sanctions; and (4) failing to grant Woodruff a rehearing on the motion for sanctions because no statement of facts was made at the hearing, and Woodruff has therefore been deprived of appellate review through no fault of her own. We disagree with all of Woodruff's contentions and, accordingly, affirm the trial court's judgment.

In her first point of error, Woodruff contends that the trial court erred in granting a default judgment against her. Specifically, she maintains that she adequately explained her failure to timely produce some documents and her nonproduction of others requested; that Cook neither alleged nor proved actual harm as a result of her noncompliance with the production order; and that therefore the trial court's choice of the harshest available sanction was unjust and punitive, thus constituting an abuse of discretion.

On July 5, 1984 Cook filed suit as Independent Administrator of the Estate of Cecil R. Marriott to have the trial court declare that Woodruff was not the common-law wife of Marriott. From July through October, 1984, Cook attempted to procure documents from Woodruff by informal discussion, letter of request, subpoena duces tecum and request for production of documents. When no documents had been produced, Cook filed his motion to compel on November 30, 1984. The motion was set for hearing on December 7. On December 7, before the hearing, Woodruff's counsel in Stephenville called Cook's counsel in Dallas offering to agree to document production. An agreed order was drafted and, with the consent of Woodruff's lawyer, Cook's lawyer appeared before the trial court at the appointed time. The trial judge signed the agreed order specifying that the requested documents were to be furnished by December 21. This order was very comprehensive, requiring production of documents generated by or about Woodruff and/or Marriott relevant to the period that Woodruff claimed to have been Marriott's common law wife and relevant to the community estate that she claimed existed for division between her and the estate. Appellant furnished no documents by December 21.

On January 4, 1985, Cook filed his motion for contempt and sanctions based upon Woodruff's failure to abide by the December 7 order. On the morning of January 28, the original date for hearing the contempt and sanctions motion, one of Woodruff's attorneys called Cook's attorney and said the documents were "on their way" from Stephenville to Dallas. Cook's attorney replied that, if the documents did not arrive in time, the hearing would go forward. When the documents had not arrived thirty minutes before the time set for the afternoon hearing, Cook's counsel went to the court house, where he received a call informing him that Woodruff's counsel was in his office with the documents. Cook's counsel pursued the hearing for the purpose of obtaining attorney's fees for his court appearance but agreed by telephone

with Woodruff's counsel to defer further action on the motion until examination of the tender for sufficiency. Upon later examining the tender, Cook's counsel found that it consisted of a trash bag containing a few loose documents, two paper bags of bank statements, and a box of Marriott's records that he had previously reviewed. Concluding that the tender was insufficient under the agreed order, he reset the motion for contempt and sanctions for hearing on February 7. Woodruff's counsel filed a motion for continuance but neither set it for hearing nor appeared at the February 7 hearing. The court found that Woodruff had failed to produce the documents required by the production order, struck Woodruff's answer, and set the case for default prove-up on February 14, 1985.

On that date, Cook appeared with witnesses to present evidence in support of his case and Woodruff's counsel appeared on her behalf and cross-examined all witnesses presented by Cook. At the conclusion of the hearing, the trial court entered an interlocutory default judgment declaring that Woodruff was not decedent's common-law wife. Cook later moved to nonsuit his claim for damages and injunctive relief and the trial court entered a final declaratory judgment.

Thereafter, Woodruff filed a motion to set aside or modify order for sanctions and interlocutory default judgment (later converted to a motion for new trial by stipulation). The Court, on March 28, held a hearing thereon and heard evidence on Woodruff's excuses for non-compliance and failure to appear. Woodruff testified at the hearing that her failure to produce documents by December 21, in compliance with the court's December 7 order, was because she was physically assaulted on December 4 and was recuperating for ten days thereafter.

She also testified that she had delivered to her attorneys all the records that she had or knew of. However, on cross-examination she admitted that there was a written lease on deceased's ranch, an insurance policy on personal property at the ranch,

and checks and statements on her personal bank account, all of which were subject to the production order. These documents were never produced.

In addition, her attorney testified that he failed to appear on February 7 upon the assumption that his motion for continuance due to a conflicting prior court setting would be granted and that he in fact appeared in both the district court and the court of appeals in Eastland that day. At the conclusion of the hearing, the trial court denied Woodruff's motion for new trial.

■ In considering the imposition of sanctions, the test for abuse of discretion is whether the trial court's act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985) The trial court reconsidered its sanctions order at the March 28 hearing on Woodruff's motion to set side/motion for new trial:

> In doing so, it is presumed that the court is familiar with the entire record of the case up to and including the motion to be considered. The plenary jurisdiction of the trial court in this case continued through the final judgment and overruling of [Woodruff's] motion for new trial.

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d at 241.

■ Thus, the trial court here was free to consider the entire record before it, including whether Woodruff's failure to produce documents and appear at hearings was due to intervening circumstances or due to a conscious disregard of court rules; whether the last-minute offer on December 7 to comply by December 21 and the last-minute partial tender on January 28 were simply means to avoid the hearing on the motion for contempt and sanctions or a good faith effort at compliance; and whether the failure of Woodruff's counsel to appear on February 7 was in conscious disregard of the sanctions hearing in preference to his court settings in Eastland. Under this record, we conclude that the trial court was not arbitrary or unreasonable ·in striking Woodruff's answer and

granting default judgment; consequently, we hold there was no abuse of discretion.

Nevertheless, appellant contends that, even assuming that an intentional violation of the December 7 order was shown at the February 7 hearing, the sanction chosen by the trial court was neither appropriate nor just and that the trial court struck her answer as a punishment instead of as a means to enforce compliance with the discovery rules.

Woodruff cites *Illinois Employers Ins. Co. of Wausau v. Lewis*, 582 S.W.2d 242, 245 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.), where the court stated that the "office of sanctions is to secure compliance with the discovery rules, not to punish erring parties." However, that court also stated that as long as the sanction chosen by the trial court is within its authority, its choice will not be overturned absent a clear abuse of discretion. *Id.* In our case, the striking of Woodruff's answer was clearly an option within the trial court's authority under rule 215.

■ Moreover, the supreme court in *Downer* clarified the purpose of the sanctions now embodied in rule 215 as not only assuring compliance with the rules but also as deterring those who might be otherwise tempted to abuse the discovery process. Rule 215 does not require any particular proof of harm but only that the Court find the sanctioned party to have abused the discovery process in resisting discovery. Appellant's first point of error is overruled.

■ In her second point of error, Woodruff contends that the trial court erred in failing to give her any opportunity to correct any deficiency in her compliance with the production order and thereby deprived her of due process. We disagree. If Woodruff had attended the February 7 hearing, she could have ascertained the deficiencies of her tender and explained her failure to produce documents. Neither she nor her attorney appeared. Her counsel concedes that their failure to appear that day was not because of deficiency of the notice, but upon the assumption that their

motion for continuance would be granted. Futhermore, Woodruff was given a second opportunity to explain her tender or lack thereof at the March 28 hearing on her motion to set aside/motion for new trial. She made no effort to establish which documents she had produced under the order of production or which ones she was unable to produce and the reasons therefor. The second point of error is overruled.

In her third point of error, Woodruff asserts that the trial court erred in granting default judgment because she had no notice that Cook's motion for sanctions was set for hearing along with his motion for contempt. Sanctions may be imposed only "upon reasonable notice." TEX.R.CIV.P. 215. Here, Cook filed a motion for contempt and sanctions in one pleading, requesting (1) that Woodruff be adjudged in contempt for failing to produce any documents and (2) that the court impose sanctions pursuant to rule 215. At the hearing on January 28, the court granted Cook's counsel an attorney's fee of $500 for his court appearance but took no other action on the motion. The motion was subsequently reset for February 7.

Woodruff in her brief admits receipt of notice of the February 7 hearing pursuant to TEX.R.CIV.P. 21a but claims that the content of the notice was insufficient to constitute due process. The contested notice advised that "Plaintiff's Motion for Contempt . . . has been reset for . . . February 7. . . ." Woodruff claims that she was given no notice that the court would consider further rule 215 sanctions as well as contempt.

■ The only motion Cook had pending in the court at the time of the February 7 hearing was his "Motion for Contempt and Sanctions". A motion's substance is not to be determined by its caption but from its body and prayer for relief, *Mercer v. Band*, 454 S.W.2d 833, 835–836 (Tex.Civ. App.—Houston 1970, no writ); *Dittberner v. Bell*, 558 S.W.2d 527, 531 (Tex.Civ.App. —Amarillo 1977, writ ref'd n.r.e.). Therefore, when Woodruff was notified that the Court would consider the document whose

caption contained the words "Motion for Contempt", she was put on notice of the substance of the entire motion and its prayer for relief.

■ The dissent expresses concern that Woodruff might not have been given adequate notice because the court had already given a particular kind of relief under rule 215, i.e. attorney's fees. To that extent, the dissent would hold that the relief requested under the rule 215 part of the motion had been granted and reference only to the contempt part of the motion would not necessarily inform Woodruff of continuing exposure to rule 215 sanctions. However, the prayer in the motion in issue requests "the Court to impose sanctions against [Woodruff] pursuant to TEX.R. CIV.P. 215, including awarding [Cook] his attorney's fees ... *and such other sanctions provided by the rule as the Court may find are justified ...*" (emphasis added). Hence, it can be seen that the relief requested under rule 215 had not been granted in full.

Further, Cook's counsel had previously given Woodruff's counsel actual notice of the purpose of the hearing should the motion be reset. At the March 28 hearing, Woodruff's counsel testified as follows when questioned about the events of January 28 (when the trial court granted Cook's counsel attorney's fees at the first setting of the motion):

Q. [Y]ou and I spoke while I was at the courthouse and you were in my office.

A. I believe that's correct. Yes, sir.

Q. Now, do you remember that I told you at that time that what I would do would be just postpone other sanctions and ask the Court for attorney's fees, and then come back and look at what you had given me?

A. I think that's what you told me. Yes, sir.

Finally, even if the February 7 notice were defective, Woodruff was not harmed because the trial court reconsidered its order imposing sanctions at the March 28

hearing on Woodruff's motion to set aside/motion for new trial. The trial court was not limited to the state of the proceedings as of the date of the February 7 hearing. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d at 241. The trial court permitted Woodruff to make a full presentation on the merits of the motion for contempt and sanctions on March 28.

Under this point of error, Woodruff also contests the trial court's authority to enter a default judgment against her for two reasons. First, Woodruff argues that since the February 7 order did not recite "with prejudice", the trial court apparently struck her answer without prejudice; thus the trial court erred in refusing to grant her leave to file an amended answer at the February 14 default judgment hearing. Consequently, she asserts that the court was procedurally prevented from granting Cook the further relief of judgment by default on February 14 because she had filed her amended answer and brought it to the attention of the court. Woodruff contends that the trial court was required to articulate a separate factual basis for, and actually to go through the mechanics of, striking the amended answer before the trial court was authorized to enter a default judgment against her. Second, Woodruff interprets the trial court's action at the February 14 hearing as a reconsideration of its February 7 order, whereby the trial court chose to grant a default judgment as a rule 215 sanction instead of striking Woodruff's answer. Therefore, she argues, she was entitled to another hearing on the motion for sanctions before the trial court could impose a more severe sanction than it had originally chosen.

■ We disagree with both of these contentions. This case involves the power of the trial court to strike an answer, keep it stricken, and enter a default judgment. Woodruff tried to "unstrike" her answer by filing an amended one. The trial court heard argument of both counsel and the evidence in open court and refused to allow Woodruff leave to file her amended answer. Its decision was neither arbitrary

nor unreasonable. True, the trial court could have entered a default judgment against Woodruff on February 7, TEX.R. CIV.P. 215(2)(b)(5), but the trial court was also free to enter a default judgment against her on February 14. Woodruff admits that if she had been permitted to refile her answer, the sanction imposed on February 7 would have been "awkward, possibly meaningless." We agree.

Further, we do not construe the trial court's action on February 14 as a reconsideration of its February 7 order. Woodruff was in default on that day because the judge had struck her answer and refused to allow her to file another. His entry of a default judgment was proper under the state of the pleadings. Woodruff does not attack the sufficiency of the evidence to support the judgment. In addition, she did receive another hearing on the motion for sanctions at the March 28 hearing on her motion to set aside/motion for new trial. The record reflects no abuse of discretion or procedural irregularities. Woodruff's third point of error is overruled.

In her fourth point of error, Woodruff contends that she is entitled to a rehearing on the motion for sanctions because no record was requested or made of the testimony given at the February 7 hearing and, therefore, she has been deprived of appellate review of the sufficiency of the evidence supporting the sanctions order through no fault of her own after the exercise of due diligence.

■■■ Initially, we note this is not an ordinary default judgment case; it is a rule 215 case. Appellant has the burden of making the appellate record. *Evans v. State Farm Mutual Insurance Co.*, 685 S.W.2d 765, 768 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Woodruff failed to exercise diligence to secure a record of the February 7 hearing when neither she nor her counsel appeared for that hearing. Under the facts here, Woodruff was not without fault if the trial court erred in failing to have a court reporter present for that hearing.

In any event, Woodruff was not harmed by the lack of a statement of facts of the February 7 hearing because she was afforded a rehearing on the motion for sanctions on March 28 where she had the opportunity to present her witnesses on the issue of defective document production, to hear Cook's witnesses, and to cross-examine them on all issues concerning her production of documents. This court has a statement of facts of both the February 14 and the March 28 hearings. These constitute a sufficient record for this court to determine the question of sufficiency of the evidence to support the sanctions imposed by the trial court. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d at 241. The evidence supports the trial court's actions here. Woodruff's fourth point of error is overruled.

The trial court's judgment is affirmed.

AKIN, Justice, dissenting.

I cannot agree that Annie received adequate notice of the matters to be determined and the relief to be sought at the second hearing on the motion for contempt and sanctions held on February 7, 1985. Thus, I would hold that Annie was denied due process of law. Accordingly, I must dissent.

The Estate filed its Motion for Contempt and Sanctions on January 4, 1985, and a hearing on the motion was originally set for January 28th. On January 28th, approximately 30 minutes before the time set for the hearing, Annie's attorney arrived at the offices of the Estate's attorney with some documents in a garbage sack. The Estate's attorney had already left for the hearing, but he was contacted at the courthouse. After a conversation between the attorneys, the Estate's attorney attended the hearing, and the court imposed sanctions against Annie of $500 attorney's fees and costs. Thereafter, the Estate, having apparently determined that the garbage sack of documents did not adequately comply with the required discovery, reset a hearing on the same Motion for Contempt and Sanctions.

The notice of this second hearing sent to Annie's attorney stated that "[t]he purpose of this letter is to advise you that Plaintiff's Motion for Contempt in the above referenced matter has been reset for Thursday, February 7, 1985, at 3:00 o'clock p.m." The letter made no reference to the possibility that further rule 215 sanctions, other than the contempt specified in both the motion and notice, might be imposed. In an order dated February 12, 1985, based on the February 7th hearing, the Court did not hold Annie in contempt; rather, it imposed the further rule 215 sanction of striking Annie's answer and dismissing her counterclaim. In my view, the trial judge abused his discretion by so acting since Annie was not on notice that additional sanctions would be imposed because the notice sent to Annie failed to apprise her that the court would reconsider on February 7th that portion of the Estate's motion which sought *sanctions*, rather than only *contempt*.

I would hold that notice that a party may be held in contempt at a hearing is not reasonable notice that additional sanctions may be imposed under rule 215. This is especially so in a case where sanctions have already been imposed under a motion seeking both contempt and sanctions, and *no new motion is filed seeking sanctions.* Due process requirements of "reasonable notice" demand that, at a minimum, the notice be adequate to apprise the non-movant of the purpose of the proceeding or of the relief sought by the movant. *See Arndt v. Farris*, 633 S.W.2d 497, 500 (Tex. 1982) (notice of motion for sanctions sent to non-movant's attorney and actual notice to non-movant of the hearing and of "the sanctions which could be imposed" constituted adequate notice); *In the interest of B M N*, 570 S.W.2d 493, 500 (Tex.Civ.App. —Texarkana 1978, no writ) (it is fundamental that a person must be given notice of the "potential deprival" sought in the hearing); *Worman v. Thompson*, 498 S.W.2d 507, 509 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ) (while appellant's counsel received some notification, he believed he would receive further clarification as to

"the purpose of the hearing," and under the record the court found that there was not due and proper notice "of the matters to be heard at the hearing"); *Campbell v. Richards*, 233 S.W. 532, 534 (Tex.Civ.App. —Fort Worth 1921, no writ) (notice of the motion filed, the suit and court in which filed, and of the purpose of the proceeding was adequate notice). The notice here was not reasonable because it failed to inform the nonmovant of the purpose of the proceeding.

Thus, I must dissent.