**DROZD CORPORATION, Appellant,**

v.

**CAPITOL GLASS & MIRROR COMPANY, Appellee.**

No. 3–86–147–CV.

Court of Appeals of Texas, Austin.

Nov. 25, 1987.

Gary Risley, Moore & Palmer, Bryan, for appellant.

No appellee's brief filed.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant, Drozd Corporation, appeals from a default judgment rendered in favor of appellee,[1] Capitol Glass & Mirror Company, by the district court of Travis County. We will affirm the judgment.

Appellee filed suit against appellant to recover amounts due for goods and services rendered, pursuant to Tex.R.Civ.P.Ann. 185 (Supp.1987). Appellant timely filed a written denial, under oath. On June 27, 1986, appellee filed a request for admissions which appellant timely answered on July 29. On June 30, appellant was also served with appellee's request for interrogatories, pursuant to Tex.R.Civ.P.Ann. 168 (Supp.1987). Rule 168 and appellee's request required appellant to answer or object within thirty days of the date of service, that is, on or before July 30. On August 6, appellee filed a motion for sanctions on failure of party to answer inter-

rogatories which requested the district court to strike appellant's original answer and to enter a default judgment. Although appellant received proper notice of the hearing on the motion for sanctions, neither appellant nor its attorney appeared at the hearing on September 2. On September 4, appellant's response to interrogatories was filed in the district clerk's office. Shortly thereafter, on the same day, the district court signed its order striking appellant's original answer and granting appellee a default judgment in the amount of $4,769 plus pre-judgment interest, post-judgment interest, attorney's fees and costs. Appellant timely filed a motion for new trial which the district court overruled on September 30.

By four points of error, appellant argues that the district court erred and abused its discretion in striking appellant's answer, in entering a default judgment and in overruling its motion for new trial. Initially, we note that this cause is not an ordinary default judgment case; it is a case pursuant to Tex.R.Civ.P.Ann. 215 (Supp.1987). *Woodruff v. Cook*, 721 S.W.2d 865, 871 (Tex.App.1986, writ ref'd n.r.e.). If a party does not timely answer or object to Rule 168 interrogatories, Rule 215 allows the opposing party to apply for any sanction which paragraph 2b of the rule authorizes. Rule 215(1)(b)(3)(a). Rule 215(2)(b)(5) permits the trial court to enter

> [a]n order striking out pleadings or parts thereof, ... or rendering a judgment by default against the disobedient party....

If the order is within the trial court's authority, as is the one here, it will not be overturned unless there is a clear abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985); *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. It is a question of whether the trial court acted without reference to any guiding rules and principals, that is, whether the act was arbitrary or unreasonable. *Id.*, at

---

**1.** Appellee has not filed a brief in this cause.

241–242; *see generally,* Kilgarlin & Jackson, *Sanctions for Discovery Abuse under New Rule 215,* 15 St. Mary's L.J. 767 (1984). In the instant appeal the district court rendered its order after a hearing on the motion for sanctions and reconsidered the order on motion for new trial. Accordingly, this Court presumes that the district court considered the entire record before it, up to and including the hearing on motion for new trial. *Downer,* 701 S.W.2d at 241; *Woodruff,* 721 S.W.2d at 868.

As stated previously, appellant did not appear at the hearing on the motion for sanctions. Although the district court's order recites that the court conducted a hearing on the motion for new trial, appellant has not filed a statement of facts from that hearing. Appellant did, however, file an affidavit in support of its motion. In the affidavit appellant's attorney states that due to an oversight, the interrogatories' due date was not entered on the docket control calendar; that after receiving the motion for sanctions, he assured appellee's counsel that the interrogatories would be answered; that he, appellant's attorney, understood that there would be no hearing on the motion for sanctions "upon receipt by [appellee] of the Answers ..."; that appellant's president did not sign the answers until August 29; and that the answers "were promptly forwarded to the Court following [appellant's] signature on September 2, 1986."

The district court's order of September 4 indicates that judgment was rendered on September 2 and recites that appellant "without good cause failed to comply with proper discovery requests and specifically to file and serve answers to [Appellee's] Request for Answers to Interrogatories...." Under the record, including appellant's affidavit, this Court concludes that the district court was not arbitrary or unreasonable in striking appellant's answer and granting the default judgment. It was within the district court's discretion to determine whether appellant's failure to answer the interrogatories was due to intervening circumstances or to conscious disregard of the rules; whether subsequent to the due date, there was a good faith effort

to comply; and whether appellant's failure to appear on September 2 was reasonable in reliance on the assumption that there would not be a hearing if appellee received the answers. Even if this assumption were correct, appellant did not forward the answers to the district court until September 2, the day of the hearing and several days after such were signed. The record does not show that appellant informed either appellee or the district court that the answers were prepared and had been mailed prior to the hearing. *See Illinois Emp. Ins. Co. of Wausau v. Lewis,* 582 S.W.2d 242 (Tex.Civ.App.), writ ref'd n.r.e., 590 S.W.2d 119 (Tex.1979). Furthermore, in the absence of a statement of facts, this Court must presume that any evidence adduced at the hearing on the motion for new trial supports the trial court's order. *Guthrie v. National Homes Corp.,* 394 S.W.2d 494 (Tex.1965). Accordingly, this Court concludes that the district court did not abuse its discretion.

Nevertheless, appellant argues that although some sanction was appropriate, the one imposed was punitive and, therefore, too harsh. Appellant relies on *Phillips v. Vinson Supply Co.,* 581 S.W.2d 789 (Tex. Civ.App.1979, no writ), in which the court stated that the purpose of discovery sanctions is not to punish a party, but to secure compliance with the discovery process. *Id.,* at 792. In *Southern Pacific Transportation Co. v. Evans,* 590 S.W.2d 515 (Tex.Civ. App.1979, writ ref'd n.r.e.) *cert. denied* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980), however, the court recognized the deterence of violations of the rules by other litigants as an additional purpose of discovery sanctions. Under this principle, eventual compliance with a discovery request does not preclude the imposition of sanctions. *Id.,* at 518. The Supreme Court has, in fact, recently clarified the purpose of sanctions as not only to assure the parties' compliance with discovery procedures but also to deter other litigants' abuse of the process and to punish parties that violate the discovery rules. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839 (Tex.1986); *Downer,* 701 S.W.2d at 242; *see also* Kil-

garlin, *supra*, at 770–75. Accordingly, this Court finds no merit in appellant's argument.

Although the sanction imposed may be harsh, we cannot conclude, on the record before the Court, that the district court abused its discretion. Appellee was not required either to seek an order compelling discovery or to invoke a lesser sanction before requesting the trial court to strike appellant's answer and enter a default judgment. Rule 215; *City of Houston v. Arney,* 680 S.W.2d 867, 872 (Tex.App.1984, no writ). The choice of the appropriate sanction is for the trial court and it will not be overturned unless there is a clear abuse of discretion. *Medical Protective Co. v. Glanz,* 721 S.W.2d 382 (Tex.App.1986, writ ref'd). We conclude that there has not been such an abuse.

We overrule appellant's points of error. The judgment of the trial court is affirmed.

BRADY, Justice, dissenting.

I respectfully dissent.

The sanction imposed below—striking appellant's answer and rendering a default judgment—is clearly authorized by Rule 215. However, I believe that, given the facts in this case, the trial court abused its discretion when it chose to impose the most severe sanctions possible under Rule 215.

In evaluating whether the trial court abused its discretion in this matter, we must, as the majority has already pointed out, determine whether the actions of the trial court were "... arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

In reviewing the reasonableness of the trial court's decision we will first review the chronology of events which led to the imposition of the sanctions. Appellant failed to answer the interrogatories propounded by appellee within the thirty days specified. Appellee moved for sanctions, based on this failure to answer, seven days after the answers were due. Appellant's counsel, Risley, received notice of appellee's Motion for Sanctions and contacted appellee's attorney to explain that the due date for answers to the interrogatories had inadvertently been omitted from Risley's docket calendar. According to Risley's affidavit, attached to his Motion for New Trial, Risley assured appellee's counsel the answers were forthcoming and it was Risley's understanding that upon receipt of the answers, the hearing would not be held. Appellant signed the verification cover sheet to the interrogatories on August 29, 1986 and Risley mailed the answers on September 2, 1986. The answers were filed with the trial court on September 4, 1986. A total of twenty-nine days had elapsed from the day the answers were originally due to the day they were received by the court.

Rule 215 provides for a wide range of possible sanctions, of which striking one's pleadings and entry of a default judgment is the most severe and should be used most sparingly. Pole & Hittner, *Judgments By Default,* 37 Sw.L.J. 4, 33 (1983). The penalty should only be imposed where clearly authorized. *Sears & Roebuck v. Hollingsworth,* 156 Tex. 176, 293 S.W.2d 639, 642 (1956). In those cases where striking of the pleadings has been upheld, the fact situations are uniformly far more egregious than in the case at bar.

In *Pena v. Williams,* 547 S.W.2d 671 (Tex.Civ.App.1977, no writ), appellees brought suit to cancel a written lease agreement. Appellant failed to answer interrogatories filed by appellees. The appellant's pleadings were struck shortly before the case was set for trial, but only after two separate hearings were held on appellees' motion to compel appellant to answer and appellant was given an opportunity after each hearing to complete his answers to the interrogatories. *Id.* at 673. In *Pena* the case went to trial and appellant still had the opportunity to cross-examine appellees' witness and call his own witnesses. Despite Pena's repeated failure to comply with discovery, Pena's cause was not completely terminated. In the case at bar, this Court would extinguish Drozd's cause because of a single failure to answer interrogatories.

Only the most aggravating circumstances would warrant a default judgment on the merits for failure to comply with a discovery order. *Phillips v. Vinson Supply Co.*, 581 S.W.2d 789, 792 (Tex.Civ.App. 1979, no writ). For instance, in *Rainwater v. Haddox*, 544 S.W.2d 729, 730 (Tex.Civ. App.1976, no writ), the trial court struck defendant's answer and rendered default judgment only when she failed to answer interrogatories for five months and then ignored an order to compel answers to the interrogatories for another two and one-half months. In *City of Houston v. Arney*, 680 S.W.2d 867, 870 (Tex.App.1984, no writ), the City's pleadings were struck and an interlocutory default judgment entered after the City failed to answer interrogatories, ignored for nine weeks after the due date an order to compel answers to the interrogatories and then did not appear at the hearing set on the motion for sanctions.

Rule 215(2)(b) gives the court the discretion to make such orders in regard to the failure [to comply with proper discovery] *as are just.* Tex.R.Civ.P. 215(2)(b) (emphasis added). To be "just" the sanction should bear a reasonable relationship to the acts/omissions that provide the impetus for the sanction. The striking of appellant's pleadings and the rendition of a default judgment extinguishes the appellant's lawsuit. We are imposing the penalty on the client for the sins of his attorney, for which the victim may have no reparation or redress. I believe that under these circumstances, imposition of such a harsh penalty was not "just" within the meaning of Rule 215. The actions of the trial court were unreasonable and therefore an abuse of discretion. I would reverse the judgment of the trial court and remand the matter for a new trial.