Robert Reeves, Dallas, for appellants.

Bruce K. Watkins, Watkins & Watkins, Houston, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a suit by a furrier for the unpaid balance due on a fur coat, the trial judge struck the answer of the debtors and entered judgment for the furrier. We reverse.

The Appellants purchased a Russian lynx coat from the Appellee. They failed to pay the balance due, which resulted in the filing of this lawsuit. The Appellants filed a pro se answer setting forth certain defenses including an assertion that the Appellee had failed to provide a matching fur hat which it had agreed to do.

By letter, dated March 4, 1988, the trial judge sent a letter to the attorney for the fur company and to the Appellants, Thomas and Patsy Mackie. The letter commenced with: "Dear Counsel" and continued: "Prior to this case being set for trial ..., I am requesting you to meet to discuss the status of this case and submit to me a joint status report on or before April 15, 1988...."

Thomas S. MACKIE and Patsy B. Mackie, Appellants,

v.

KOSLOW'S, Appellee.

No. 08–89–00116–CV.

Court of Appeals of Texas, El Paso.

July 5, 1989.

Rehearing Denied Aug. 2, 1989.

This letter set forth what was expected in the proposed status report, such as the nature of the claim and the defenses; the amount of discovery contemplated; whether a jury would be required; whether settlement negotiations had been made and other matters. The letter then stated: "Refusal to participate in the status conference or failure to file timely the joint status report will cause this case to be set for disposition hearing, at which time cause will have to be shown why dismissal, default, or other sanctions should not be imposed."

By letter dated April 13, 1988, the attorney for the Appellee filed his solo status report with the trial judge, stating that he had attempted to contact the Appellants Mackies by phone and by letter, but had received no response. The attorney's letter also indicated that a copy was being sent to the Mackies. This letter reminded the trial judge that in his letter of March 4, he had stated that failure to submit a status report would result in a disposition hearing. Appellants did not file a status report nor did they respond in any way to the trial court. On April 18, 1988, the trial judge sent a letter notifying the parties that a disposition hearing would be held on April 27, 1988, at 1:00 p.m. This letter was admittedly received by the Appellants. Appellants failed to show up at the disposition hearing, resulting in the trial court striking their answer and entering a default judgment in favor of Appellee Koslow's. Appellants then filed Motion for New Trial. The trial judge heard evidence on the Motion for New Trial on July 1, 1988. The Appellants failed to appear at this hearing. Instead, a fellow employee who claimed familiarity with the facts appeared on Appellants' behalf. He testified that the letter from the judge setting the disposition hearing for April 27, 1988 was not handed to him by the company secretary until April 28 (one day after the hearing was set). However, under questioning by the court, this witness was unable to testify that the Appellants did not receive the notice of the hearing before April 27, 1988. Appellants' Motion for New Trial was overruled, resulting in this appeal.

Point of Error No. One asserts that the judge's letter of March 4, 1988, requesting a status of the case report was not such a court "ORDER" that would activate the application of Rule 215(2)(b) of the Tex.R. Civ.P.

Point of Error No. Two asserts the trial court erred in striking Appellants' pleadings.

Point of Error No. Three asserts the trial court erred in granting a default judgment in favor of Appellee.

The judge's letter of March 4, 1988 was in regard to a status report, and it is contended that it was proper under Rule 166 Tex.R.Civ.P. Appellee further argues that the sanctions imposed were authorized under Rule 215(2)(b) of the Tex.R.Civ.P.

DID THE TRIAL COURT HAVE AUTHORITY UNDER RULE 166 TO STRIKE THE APPELLANTS' PLEADINGS AND THEN ENTER A DEFAULT JUDGMENT BECAUSE OF APPELLANTS' FAILURE TO CONFER WITH OPPOSING COUNSEL AND/OR SUBMIT A STATUS REPORT TO THE TRIAL JUDGE?

We cannot find authority for the trial judge's action under Rule 166 of the Tex.R.Civ.P., which is entitled: Pre–Trial Procedure; Formulating Issues. The opening paragraph of the Rule states:

In any action, the court may in its discretion direct the attorneys for the parties and the parties or their duly authorized agents TO APPEAR BEFORE IT for a conference to consider.... [Emphasis added].

The judge's letter of March 4, 1988 does not direct the Appellants to appear before the court for a conference. It directs them to meet with opposing counsel and then file a joint status report with the court.

We then turn to the Dallas Civil District Court Rules. Rule 1.11 provides for Preparation for Pre–Trial. The sanctions provided for the Failure to Appear at Pre–Trial are stated in Rule 1.12 and provide that the court may:

a. Rule on all motions, dilatory pleas and exceptions in absence of such counsel.

b. Declare any motions, dilatory pleas or exceptions of such absent party waived.

c. Advance or delay the trial setting according to the convenience of counsel present.

d. Pass and reset the pre-trial.

e. Where the absent counsel represents the plaintiff, the court may decline to set the case for trial or may cancel a setting previously made, or the court may dismiss the case for want of prosecution, especially where there has been a previous failure to appear or where no amendment has been filed to meet exceptions previously sustained.

As seen, the above Dallas Civil District Court Rules do not provide for the striking of pleadings and granting of a default judgment for the failure to attend pre-trial. Just as Rule 166 of the Tex.R.Civ.P., it also contemplates APPEARANCE BEFORE THE COURT AT PRE-TRIAL. The sanctions authorized under the Dallas rules are for the failure to personally appear at pre-trial. What if the judge's letter directed personal appearance at pre-trial and the Appellants had failed to appear? Even in that event, Rules 1.11 and 1.12 of the Dallas Civil District Court Rules do not authorize the action of the trial court in striking the pleadings and entering a default judgment.

Appellee urges that Tex.R.Civ.P. 215(2)(b) authorizes the trial court's action that was taken in this case. We fail to see the applicability of this rule since it pertains to discovery matters between the parties and not to pre-trial matters with the court.

■ The court did have the power to issue a show cause order directing the Appellants to appear and show cause why they had not complied with the directive of the court to confer and file a status report. Even in cases where the sanction of striking a party's pleadings is properly utilized, there is language to the effect that such a harsh remedy should be sparingly used. *Pena v. Williams*, 547 S.W.2d 671 (Tex.Civ. App.—San Antonio 1977, no writ). We do not condone the action of Appellants, but we have trouble concluding that their action or inaction was of such a nature as to be so "flagrant, persistent or willful" to justify the striking of the answer and entering a default judgment against them. *Masons Concrete of Crystal River, Inc. v. Corbin Well Pump & Supply, Inc.*, 364 So.2d 824 (Fla.Dist.Ct.App.1978).

The purpose of a pre-trial conference under Rule 166 Tex.R.Civ.P. is just what it says: "a conference" with the trial court. The purpose is to narrow issues and dispose of matters which may aid in the final disposition of the action. Rule 166(g) further anticipates and, in fact, states that the court after the pre-trial conference "shall make an order which recites the action taken at the pre-trial conference...."

We find that the trial court abused its discretion in imposing such a severe penalty, and the trial court should have set aside the default judgment by granting Appellants' Motion for New Trial.

Point of Error No. One is sustained insofar as stating that the trial judge's letter of March 4, 1988 is not within the purview of Rule 215(2)(b) of the Tex.R.Civ.P.

Point of Error Nos. Two and Three are sustained.

The judgment of the trial court is reversed and the case is remanded to that court for proceedings not inconsistent with this opinion.