Petition
for Writ of Mandamus Conditionally Granted, in Part, and Denied, in Part, and
Opinion filed December 29, 2009.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00723-CV



 

In Re Vossdale Townhouse Association, Inc.; John B.
Baird, as President of the Vossdale Townhouse Association, Inc., and
Individually; and Pauletta Gwen Holley Gilbert, as Secretary of the Vossdale
Townhouse Association, Inc., and Individually,
Relators



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



OPINION


Relators, Vossdale Townhouse Association, Inc.; John
B. Baird, as President of the Vossdale Townhouse Association, Inc., and
Individually; and Pauletta Gwen Holley Gilbert, as Secretary of the Vossdale
Townhouse Association, Inc., and Individually, filed a petition for writ of mandamus
in this Court.  See Tex. Gov’t Code Ann. §22.221 (Vernon 2004); see
also Tex. R. App. P. 52.  In the petition, relators ask this Court to
compel the Honorable Mike Engelhart, presiding judge of the 151st District
Court of Harris County, to set aside his February 4, 2009 order removing
relators’ attorney from representation of them in the underlying case.  We
conditionally grant the petition, in part, and deny it, in part.  

Background

Relators brought the underlying nuisance suit against
real parties in interest, the Cabreras.[1] 
Relators propounded 31,448 requests for admission and 1,136 requests for
production on the Cabreras.[2] 
In response, the Cabreras moved for protection from discovery and for sanctions
for this and previous discovery abuse.  The trial court entered the following
order setting the Cabreras’ motion for a hearing and also its own sanctions
motion:

            Defendants’ Request for Oral Hearing on its
Motion for Protection from Discovery and for Sanctions is hereby GRANTED.  This
Motion is set for a 30 minute oral hearing before this Court on Monday, February
2, 2009 at 3:00 p.m.

            Further, the Court hereby sets its own motion
regarding Rule 215 sanctions for that time as well.

            Specifically, the parties are hereby ORDERED to
be prepared to argue about whether sanctions should be imposed upon Plaintiffs
and Plaintiffs’ counsel for abusive discovery practices.  The parties should also
be prepared to argue which sanctions, up to and including the striking of all
of Plaintiffs’ remaining pleadings, should be imposed against Plaintiffs and
Plaintiffs’ counsel pursuant to Texas Rules of Civil Procedure 215.3 and
215.2(b) et seq. 

On February 2, 2009, the trial court held the hearing
on the Cabreras’ motion from protection and for sanctions and its own sanctions
motion.  On February 4, 2009, the trial court entered the following order, in
relevant part, removing relators’ counsel, Bruce H. Heideman, from
representation of John Baird and Pauletta Gilbert in the underlying suit:

            On the 2nd day of February, 2009, came on to be
heard the Motion for Protection and for Sanctions . . . as well as the Court’s
own motion regarding Rule 215 sanctions.  The Court, after reviewing the
pleadings, the evidence and considering the arguments of counsel, is of the
opinion . . . that [John B. Baird and Pauletta Gwen Holley Gilbert’s] attorney
Bruce H. Heideman should no longer be permitted to appear in this case on their
behalf, and that Plaintiffs should have until Monday, February 23rd, 2009 to
obtain substitute counsel.  It is therefore,

            ORDERED, ADJUDGED AND DECREED that . . . Bruce
H. Heideman may no longer appear in this case on their behalf and that said
Plaintiffs have until Monday, February 23rd, 2009, to obtain substitute counsel
herein.

Relators filed a petition for writ of mandamus in
this Court, asserting that the trial court abused its discretion by denying
them their choice of counsel.[3] 


Standard of
Review

To be entitled to the extraordinary relief of a writ
of mandamus, the relator must show that the trial court clearly abused its
discretion and he has no adequate remedy by appeal.  In re Team Rocket, L.P.,
256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to
constitute a clear and prejudicial error of law, or if it clearly fails to
correctly analyze or apply the law.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Whether a clear abuse of discretion can be adequately
remedied by appeal depends on a careful analysis of costs and benefits of
interlocutory review.  In re McAllen Med. Ctr., Inc., 275 S.W.3d 458,
464 (Tex. 2008) (orig. proceeding).  Because this balance depends heavily on
circumstances, it must be guided by analysis of principles rather than simple
rules that treat cases as categories.  Id.  In determining whether appeal
is an adequate remedy, we consider whether the benefits outweigh the detriments
of mandamus review.  In re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845
(Tex. 2008) (orig. proceeding).  

Right to
Counsel of Choice

Relators contend that the trial court violated their
constitutional right to due course of law by denying them their right to choice
of counsel.  “Any party to a suit may appear and prosecute or defend his rights
therein, either in person or by an attorney of the court.”  Tex. R. Civ. P. 7; see
also Farmer’s Gas Co. v. Calame, 262 S.W. 546, 548 (Tex. Civ. App.—Waco
1924, no writ) (“Every litigant is entitled under our Constitution and laws to
his day in court before he is adjudged to suffer either in his person or his
property.”).  The right of a litigant to be represented by the attorney of his
choice is a significant one.  Keller Indus., Inc. v. Blanton, 804 S.W.2d
182, 185 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding).  

Texas courts have long held that the right to be
represented by counsel of choice is a valuable one and the unwarranted denial
of that right has been held to be fundamental error.  Id.; see also
Swartz v. Swartz, 76 S.W.2d 1071, 1072 (Tex. Civ. App.—Dallas 1934, no
writ) (“[A party’s] right to appear and be represented, by counsel of his own
choosing, is valuable, and its unwarranted denial is reversible error.”); Farmer’s
Gas Co., 262 S.W. at 548 (“[A party’s] right to appear and be represented
at such hearing by counsel of his own selection, familiar with his cause, is a
very valuable right.  The unwarranted denial of such right has been held to be
fundamental error.”).  

A party’s choice of counsel, however, is not
unfettered in that the attorney must be legally qualified.  Keller Indus.,
Inc., 804 S.W.2d at 185.  “The practice of law is not a right bestowed upon
an individual; rather, it is a license granted by the state subject to rules
and regulations.”  Id.  However, once an individual has complied with
those rules and regulations, one who chooses his or her counsel should not be
denied that choice by the courts.[4] 
Id.; see also In re El Paso Healthcare Sys., Ltd., 225 S.W.3d at
152 (stating that, although right to counsel is not absolute, courts should not
deprive litigant of that right).  The unwarranted denial of a party’s choice of
counsel is an abuse of discretion.[5] 


An order directing that counsel may no longer
represent his clients in the subject litigation is not among those sanctions
enumerated in Rule 215.2(b).  See Tex. R. Civ. P. 215.2(b).  While Rule
215.2(b) does not limit the types of discovery sanctions the trial court may
impose to those enumerated in the rule,[6]
the imposition of a sanction that is not specifically authorized in derogation
of a clearly established legal right cannot be just.  Rainwater v. Haddox,
544 S.W.2d 729, 733 (Tex. Civ. App.—Amarillo 1976, no writ).  The trial court’s
order directing that “attorney Bruce H. Heideman may no longer be permitted to
appear in this case on [relators’] behalf and that said Plaintiffs should have
until Monday, February 23rd, 2009 to obtain substitute counsel” was imposed in
derogation of the clearly established right to counsel of choice.  See id.
(holding that sanction denying counsel opportunity to participate in hearing on
unliquidated damages following sanction of judgment by default was not just
because it was in derogation of clearly established legal right to interpose
objections to testimony about damages offered by plaintiffs and to
cross-examine them).  

The trial court’s frustration with relators’ counsel over the
31,448 requests for admission is clearly evident by the following exchange took
place between the trial court and counsel at the February 2, 2009 hearing:

            THE COURT: . . . Mr. Heideman, how long did it
take you to draft 31,000 requests for admissions?

            MR. HEIDEMAN:  Five weeks.

            THE COURT:  How long do you think it would take
them to answer it at one minute per?

*        *        *

            MR. HEIDEMAN:  Okay.  He asked to say yes or
no.  He can answer them a lot more quickly than I can draft them.

            THE COURT:  You don’t think that he needs to
read them?

            MR. HEIDEMAN:  Yes, of course he has to read
them.

            THE COURT:  And you don’t think he needs to
apply his legal reasoning as to whether — and his strategy and all those things
as to whether these things need to be admitted or denied?

*        *        *

            THE COURT:  Or research the answer?

*        *        *

            MR. HEIDEMAN:  I don’t think it would take him
five weeks.  I think — you know, the usually [sic] period is 30 days.

*        *        *

            THE COURT:  . . . And then what did you
anticipate doing with 31,000 admissions or denials, or don’t we have enough
information in front of a jury in this case?

            MR. HEIDEMAN:  All right.  The things that were
admitted to, we would not have to prove before the jury because they were
admitted.  That’s number one thing. 

            So it would shorten and narrow the deposition .
. . , we wouldn’t have to inquire in the depositions.  Those subject matters
would not have to be inquired of because they were admitted.

*        *        *

            The things that remained, then I would be
asking questions about in deposition and pursuing in trial.

            THE COURT:  You would digest answers to 31,000
requests for admissions sufficiently to ask constructive questions based on
that information at depositions.?

            MR. HEIDEMAN:  . . . And I would set up a grid
and I would set up a tracking system where I could do that.  And I could see
where that would put us in terms of the status and stance of the case.

*        *        *

            So what that does is it’s a labor-saving
device, a time-saving device for everybody.

            THE COURT:  I don’t see it that way.

The trial court is given the broadest discretion in
imposing discovery sanctions and in choosing appropriate sanctions.  Clark
v. Bres, 217 S.W.3d 501, 512 (Tex. App.—Houston [14th Dist.] 2006, pet.
denied).  There can be no justification for propounding 31,448 requests for
admission and 1,136 requests for production on the opposing party, and such
abuse is sanctionable.[7]
 While we have great empathy for the trial court’s consternation and
frustration with counsel’s misguided strategy and tactics—no matter how
egregious the discovery abuse was in this case—these circumstances do not
overcome Baird’s and Gilbert’s fundamental right to their counsel of choice.[8]  See
Keller Indus., Inc., 804 S.W.2d at 185.  Accordingly, we hold that the
trial court abused its discretion by removing Heideman from representation of
Baird and Gilbert for discovery abuse.  

Moreover, we conclude that relators do not have an
adequate remedy by appeal.  “[C]ourts should not deprive litigants of that
right because such deprivation can result in immediate and palpable harm.”  Id.;
see also In re Nitla S.A. de C.V., 92 S.W.3d 419, 423 (Tex. 2002) (orig.
proceeding) (per curiam) (explaining that attorney disqualification is severe
remedy, which can result in immediate and palpable harm, disrupt trial court
proceedings, and deprive party of right to have counsel of choice). Therefore,
the benefit of the restoration of the parties’ right to representation by the counsel
of their choice outweighs any detriment to mandamus review.  See In re BP
Prods. N. Am., Inc., 244 S.W.3d at 845 (“In determining whether appeal is
an adequate remedy, appellate courts consider whether the benefits outweigh the
detriments of mandamus review.”). 

Conclusion

We hold the trial court abused its discretion by
removing Bruce H. Heideman from representation of John B. Baird and Pauletta
Gwen Holley Gilbert in their individual capacities.  Accordingly, we
conditionally grant relators’ petition with regard to that portion of the February
4, 2009 order removing Bruce H. Heideman from representation of John B. Baird and
Pauletta Gwen Holley Gilbert in their individual capacities, and direct the
trial court to vacate that portion of the February 4, 2009 order.  The writ
will issue only if the trial court fails to act in accordance with this
opinion.  With regard to the remainder of their petition, relators have not
established their entitlement to the extraordinary relief of a writ of mandamus
and, therefore, it is denied.[9] 


 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.









[1]
Real parties in interest are Manuel Cabrera, Griselda Cabrera, Sergio Cabrera,
Maria Cabrera, Cabrera Brothers III, LP, Cabrera Investments, LLC, Los Cucos
Mexican Cafe XIII, Inc., and Los Cucos Mexican Cafe XIX, Inc. (the “Cabreras”).





[2]
Relators propounded 3931 requests for admission on each of the Cabreras
defendants.  Relators propounded 133 requests for production each on Manual
Cabrera, Griselda Cabrera, Sergio Cabrera, and Maria Cabrera.  Relators
propounded 151 requests for production each on Los Cucos Mexican Cafe XIII,
Inc., Los Cucos Mexican Cafe XIX, Inc., Cabreras Brothers III, LP, and Cabreras
Investments, LLC.





[3]
On November 13, 2008, the trial court signed an order finding that John B.
Baird, Pauletta Gwen Holley Gilbert, and Bruce H. Heideman had not met their
burden of showing authority to act and appear in the case on behalf of Vossdale
Townhouse Association, and ordered they could no longer appear on behalf of
Vossdale, and struck Vossdale’s pleadings.  This order has never been set
aside.  Therefore, Vossdale, Baird, in his capacity as president of Vossdale,
and Gilbert, in her capacity as secretary of Vossdale, do not have standing to
complain about the February 4, 2009 order.  Moreover, because Baird and Gilbert
remain in the case in their individual capacities only, the February 4, 2009
order removes Heideman as their attorney in their individual capacities.





[4]
We note some authority suggests “compelling reasons” might justify the forced
withdrawal of counsel.  See In re El Paso Healthcare Sys., Ltd., 225
S.W.3d 146, 152 (Tex. App.—El Paso 2005, orig. proceeding) (“Although the right
to counsel of choice is not absolute, courts should not deprive a litigant of
that right unless there exists a compelling reason.”) (citing Keller Indus.,
Inc., 804 S.W.2d at 185).  However, those cases do not involve alleged
discovery sanctions.  Therefore, we need not decide here whether compelling
reasons could ever justify a trial court’s disqualification of counsel
as a sanction for discovery abuse.





[5]
See, e.g., In re El Paso Healthcare Sys., Ltd., 225 S.W.3d at 152–56
(holding that trial court abused its discretion by directing parties, who were
represented by Texas licensed attorneys, to retain “local counsel” within seven
days or trial court would appoint local counsel for them); Spinks v. Brown,
103 S.W.3d 452, 460 (Tex. App.—San Antonio 2002, pet. denied) (holding trial
court’s order denying motion to substitute counsel on possibility of delay
resulted in “an unwarranted denial of the Spinkses’ right to be represented by
the counsel of their choice”); Keller Indus., Inc., 804 S.W.2d at 185
(finding no compelling reasons reflected in record to warrant trial court’s
denial of motion requesting admission on behalf of two non-resident attorneys);
cf. Ayres v. Canales, 790 S.W.2d 554, 557 (Tex. 1990) (orig. proceeding)
(ordering party to be represented by attorney violates Rule 7).  





[6]
See Tex. R. Civ. P. 215.2(b) (providing that trial court may impose
sanctions for failure to comply with discovery “as are just, and among
others the following” sanctions enumerated in rule) (emphasis added).  The
Cabreras requested sanctions that (1) disallow any further discovery of any
kind or of a particular kind by relators; (2) charge all or a portion of the
expenses of discovery or taxable court costs against relators or their
attorney; (3) direct that designated facts shall be taken as established for
the purpose of the action in accordance with the claim of the party obtaining
the order; (4) do not allow relators to support or oppose the designated claims
or defenses, or prohibit them from introducing designated matters in evidence;
and (5) award the Cabreras reasonable expenses and attorney’s fees incurred in
obtaining the order.  The sanctions requested by the Cabreras are those that
are expressly allowed under Rule 215.2(b).  See Tex. R. Civ. P. 215(b). 





[7]
See Tex. Disciplinary R. Prof’l Conduct 3.02, reprinted in Tex.
Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art.
X, § 9); Tex. R. Civ. P. 191.3(c)(3), (4).  





[8]
Notably, the record does not suggest the trial court considered the
availability of lesser sanctions to punish the offending conduct and deter
further discovery abuse.  That step, while not necessarily sufficient to
authorize the involuntary removal of counsel, see supra note 4, is a
prerequisite to the imposition of any severe sanctions.  See Cire v.
Cummings, 134 S.W.3d 835, 838 (Tex. 2004); TransAmerican Natural Gas
Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding);
Weinberger v. Longer, 222 S.W.3d 557, 569 (Tex. App.—Houston [14th Dist.]
2007, pet. denied).  We also note the Cabreras did not ask the trial court to
disqualify opposing counsel; in addition, while the trial court notified
relators of its intent to impose sanctions, the forced removal of their
attorney was not suggested in advance as a possibility.

To the extent the discovery abuse is solely
attributable to the attorney, and not his clients, the trial court is not
without remedies to directly sanction Heideman instead of relators.  See
Tex. R. Civ. P. 215.2(b)(2), (8) (permitting trial court to sanction attorney
directly); see also Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581,
583 (Tex. 2006) (directing trial courts to “determine whether sanctions should
be imposed on the party, its counsel, or both”); Spohn Hosp. v. Mayer,
104 S.W.3d 878, 883 (Tex. 2003) (holding trial court abused its discretion by
imposing sanctions without discussing whether party or its attorney was
responsible for discovery abuse).





[9]
In their petition, relators also complain of the trial court’s (1) January 28,
2009 order setting the Cabreras’ motion for protection from discovery and for
sanction for an oral hearing; (2) February 4, 2009 order striking relators’
discovery requests and prohibiting them from any further discovery; (3) April
15, 2009 order denying the Cabreras’ second application for temporary
restraining order and setting their application for temporary injunction; and
(4) refusal to recuse itself from the underlying case.